THOMAS ALLWOOD

*v.*

ALEXANDER COWEN *et al.*

*Filed at Ottawa January 22, 1885.*

1.  TAXATION—*as to credits—deduction of indebtedness—the statutory provision.*  A person not a banker, broker or stock-jobber, is entitled, under section 27 of the Revenue act, to deduct from his credits for each year the amount of *bona fide* debts owing by him for the same years, respectively; and it is only the balance of the credits that is subject to taxation.

2.  SAME—*assessor's finding as to amount of credits—how far conclusive.*  The acts of an assessor in ascertaining and determining the amount of credits of a party for a given year, and the amount of *bona fide* debts to be deducted therefrom, are in the nature of judicial acts, and are not subject to review by his successor, although decided ever so erroneously.  No power is given to his successor, whether it be himself or another, to correct or in any manner revise his judgment in such matters; nor has an assessor in a

31—111 ILL.

subsequent year any authority to raise the assessed value of any article of personal property which has been once fixed for a former year.

3. SAME—*as to omitted property—of its assessment in subsequent year— distinguished from a revision of a prior assessment as to valuation.* The .provisions of section 276 of the Revenue act, that if any real or personal property shall be omitted in the assessment of any year or number of years, when discovered it shall be listed and assessed, etc., applies only to cases where the owner omits to list the whole number of articles of personal property,—as, for instance, the whole number of horses he may own,—in which case the specific articles omitted may, when "discovered," be assessed, etc. Such section has no application to the case of credits, so as to enable one assessor to go back and increase the amount found by his predecessors.

4. INJUNCTION—*to restrain collection of taxes—upon what grounds.* A court of equity has jurisdiction to enjoin the collection of a tax when it is levied without authority of law, or when the property assessed is not subject to taxation. Where an assessor, in assessing a party's personal property and credits, went back three years, and raised the amount of his credits for those years $7000, which was entered on the books, and assessed against the party as for such prior years, it was *held,* that such assessment for the prior years was without authority of law, and that a court of equity would enjoin the collection of the tax on such assessment.

APPEAL from the Circuit Court of Peoria county ; the Hon. DAVID MCCULLOCH, Judge, presiding.

Messrs. JACK & MOORE, for the appellant :

The right of an assessor to charge up a tax-payer for omitted personal property, does not exist, under section 276 of the Revenue law, without notice of the increase of his assessment. It certainly could not be intended to confer upon an assessor, years after an assessment, the power to go over the matter again and again, and increase the same at his pleasure.

An assessor *is a judicial officer, and must settle questions of fact as a judge.* *Chemung* v. *Elmira,* 53 N. Y. 49.

Section 276 of the Revenue act does not authorize the assessor to bring up and add anything whatever under the particular item of "credits," when an assessment had been made upon credits during the former years.

Our statute provides a schedule under which every taxable item shall appear by itself, and it has been held that in such

a case each article must, on the face of the list, be so described as to appear to be taxable. (*Adam* v. *Litchfield*, 10 Conn. 127.) These are all susceptible of specification and identification except the item of "credits." This differs radically from all the others in that it does not comprise a specific article, nor even a class of specific articles, but only an excess or net balance. The law nowhere authorizes an assessor to assess a promissory note, as such, nor even choses in action or debts, as a class, but permits the tax-payer to deduct from the sum of the choses in action or debts due him all debts *bona fide* owing by him, and taxes only the residue.

The term "credits" means the excess of the sum of all legal claims and demands, whether for money or other valuable thing, or for labor or services due or to become due, over and above the party's just debts. *Payne* v. *Watterson*, 37 Ohio St. 123.

An assessor has no power to change the valuations of any property assessed for a former year. *Lehman* v. *Robinson*, 50 Ala. 219; *Sudwith* v. *Brittain*, 76 N. C. 458.

When a tax-payer may contest a tax at once, and when he must first apply to the proper officers and boards for relief, see Cooley on Taxation, 528.

When a tax is levied without warrant of law, equity will restrain its collection at the suit of the tax-payer. *Kimball* v. *Merchants' Loan and Trust Co.* 89 Ill. 611; *Vieley* v. *Thompson*, 44 id. 13; *Drake* v. *Phillips*, 40 id. 388; *Lemont* v. *Singer & Talcott Stone Co.* 98 id. 94; *Felsenthal* v. *Johnson*, 104 id. 21.

Messrs. STEVENS, LEE & HORTON, for the appellees, contended that the property was subject to taxation, and was not unfairly done, or done with any improper motives or purposes. Allwood failed to show he did not own the rights and credits assessed to him. The burden of showing injustice

should rest on the tax-payer. *Railway Co.* v. *Johnson*, 108 Ill. 11; *Felsenthal* v. *Johnson*, 104 id. 21.

Chancery has no jurisdiction, for the reason that the statute afforded ample remedy to any one feeling aggrieved by his assessment.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The bill in this case was brought by Thomas Allwood, against Alexander Cowen and others, to enjoin a tax levied on credits alleged to belong to him, and that are charged to have been omitted from the assessments made against him for the years 1877, 1878 and 1879, which assessments he charged were made without authority of law, and are therefore void. Counsel for the respective parties agree in the statement of facts, and the decision involves only the construction of a number of sections of the Revenue act now in force.

Section 276 of the Revenue act, (Rev. Stat. 1874,) and which is the same as that now in force, provides that if any real or personal property shall be omitted in the assessment of any year or number of years, when discovered shall be listed and assessed by the assessor, and placed on the assessment and tax books. It was under this section of the statute the assessor of the town of Princeville, in which complainant resides, undertook to assess complainant for past years on credits which he insisted had been "discovered" to have been omitted in former assessments. It is made to appear complainant was assessed on his credits for the years 1877, 1878 and 1879, and had paid all taxes so assessed and levied for those several years. In 1880, the assessor, under the assumption he had discovered credits belonging to complainant that had been omitted in ascertaining the amount of credits upon which complainant was liable to be assessed for the past years named, determined the amount he believed to have been omitted for each year, aggregating the sum of about $7000, and

assessed and placed the same on the assessment and tax books for the year 1880, against complainant, with the amount of credits assessed against him for the latter year. This, it is thought, is without any warrant or authority of law. Most articles of personal property are required by section 25 to be listed and assessed by the number of the articles owned by the party to be assessed,—as, for instance, the number of horses, cattle, hogs, wagons, watches, clocks, etc.,—the number of each to be separately stated by the owner when listing the same. But credits are not assessed in that way. The whole amount is ascertained, and from that amount the amount of *bona fide* debts owing by such person may be deducted, and it is only the balance that is subject to taxation. In this case complainant is not a banker, broker or stockjobber, and he was entitled, under the 27th section of the Revenue act, to deduct from the amount of his credits for the years 1877, 1878 and 1879, the amount of *bona fide* debts owing by him for the respective years. So far as the assessor exercised his judgment in ascertaining such facts, under the statute his acts are in the nature of judicial acts, and are not subject to review by his successor, whether decided ever so erroneously. Ascertaining the amount of credits after deducting *bona fide* debts owing by the party to be assessed, involves, in some degree at least, judgment and determination on the part of the assessor acting. No power is given by statute to his successor, whether he is his own successor or not, to correct or in any manner revise the judgment of his predecessor in such matters.

It is apprehended section 276 has no application to such cases. It applies only to cases where the owner omits to list the whole number of articles of personal property,—as, for instance, the whole number of horses he may own,—the specific articles omitted may, when "discovered," be assessed and placed on the assessment and tax books for any subsequent year. But credits are not assessed by items, and to discover

what items, if any, were omitted in ascertaining the amount of credits assessed in any previous year, would require investigation, and that implies the power of the acting assessor to review the acts of his predecessor in such matters,—a power which does not exist, by statute or otherwise. What was done by the assessor in this case was not assessing specific articles of personal property that were discovered to have been omitted in former years, but it was simply raising the amounts of credits after deducting *bona fide* debts, as the same were determined in former years. Certainly the statute has given the assessor no authority, in a subsequent year, to raise the assessed value of any article of personal property which had been once fixed in a former year. Nor has the statute conferred any authority on an assessor to raise or increase the amount of credits liable to taxation after the same has been ascertained in a former year by his predecessor, and the action of the assessor in this case was without authority of law.

No doubt is entertained as to the jurisdiction of a court of equity to afford the relief sought by the bill in this case. This court has had frequent occasion to declare that chancery has jurisdiction to enjoin the collection of a tax when it is levied without authority of law, or where the property assessed is not subject to taxation. The cases in this court that declare this doctrine are numerous and consistent. It will be necessary to cite but few of them: *Kimball* v. *Merchants' Loan and Trust Co.* 89 Ill. 611; *Searing* v. *Heavysides,* 106 id. 85. In the case being considered the tax assessed against complainant was wholly without authority of law, and therefore comes within the class of cases where the court has uniformly entertained jurisdiction to afford relief, otherwise great injustice might be done.

The decree of the circuit court will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Decree reversed.*