NELSON MORRIS *et al.*

*v.*

C. B. JONES, Collector.

*Filed at Mt. Vernon June 19, 1894.*

1. ASSESSMENT FOR TAXATION—*money in bank—deducting amount of debts.* A party having money in bank on the first day of May, is required, by item 26 of section 25 of the Revenue act, to list the same for taxation, and he can not refuse to do so on the ground that he owes debts to an amount equal to such money. As to credits other than of bank, banker, broker or stock jobber he is allowed to deduct therefrom the amount of his *bona fide* indebtedness.

2. There is nothing in the statute allowing deductions of indebtedness against tangible property owned by a tax-payer, no matter what may be the character of such property. Money, like horses, cattle or other chattel property, is made taxable under our statute, without reference to the indebtedness of the owner. But as to credits, viz., moneys due, *bona fide* debts owing may be deducted.

3. SAME—*duty of assessor to assess property not listed.* If a tax-payer omits from his schedule of personal property, money in bank, it is not only the right, but the duty, of the assessor, on learning that fact, to place it on the schedule, and he is not required to give the tax-payer any notice whatever of his action in that regard.

4. SAME—*deductions from credits.* If a tax-payer deducts his indebtedness from his credits, it must be done in the manner provided by section 29 of the Revenue act. It is not for him to say the indebtedness equals or exceeds the credits, and therefore refuse to list the credits.

APPEAL from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

Messrs. HAMILL & BORDERS, for the appellants.

Mr. M. W. SCHAEFER, State's Attorney, and Messrs. TURNER & HOLDER, for the appellee.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was a bill in chancery to enjoin the collection of $255 claimed to be due as taxes levied and due on a certain item of personal property in an assessment returned by Thomas

Vaughn, assessor for Stites township, in St. Clair county, for the year 1891. The item, as it appears on the assessment list, is for "moneys of other than bank, banker, broker or stock jobber, $10,000." The money was assessed as being on deposit in bank.

The bill, in substance, avers, that on June 10, 1891, the assessor called at complainants' office or place of business in Stites township to receive a list of their personal property for assessment; that a schedule of all their personal property owned or controlled by them, subject to taxation, in that township, was made out and delivered to him, which he received without objection; that their agent was then and there ready and willing to make oath to such schedule, but the assessor waived the same; that afterwards, and without any notice whatever to complainants, he added to the list or schedule so furnished him, the item of $10,000, and that they had no knowledge of that item being added thereto until after the meeting of the town board of review, and were therefore unable to present their objections thereto before that board. It further avers that they did make application to the county board of supervisors, at their meeting in July of that year, and made effort to have said board set aside the assessment upon said item, but that it refused to take any action thereon, for the reason that complainants had not appeared before and made their objections to the town board. It then avers that the $10,000 was assessed against complainants wholly without authority of law, and fraudulently; "that on the first day of May, 1891, they did not have, nor were they possessed of, the $10,000 so fraudulently placed upon the schedule, over and above their just and lawful indebtedness." The bill also avers that Philip Rhein is county clerk, and Arthur Herr is county collector of said county, and C. B. Jones is township collector for said Stites township, etc. The prayer of the bill is, that C. B. Jones be restrained and enjoined from collecting the tax so fraudulently assessed; that the said Philip

Rhein be enjoined from extending the said tax, and the said Arthur Herr be enjoined from charging the tax extended on said assessment, against any real estate of said complainants, and from making application to the county court of said county for judgment on said tax. C. B. Jones, collector, alone answered, denying all the material allegations of the bill. Upon the hearing the bill was dismissed at the cost of complainants, and they prosecute this appeal.

The theory of the bill is, not that the complainants did not have $10,000 in bank on the first day of May, 1891, but that they did not have that amount "*over and above their just and lawful indebtedness.*" While the testimony of the two witnesses in support of the bill is to the effect that they had no money in bank at all, it is fairly inferable that what they intended to say was, that they had none over and above their indebtedness, and one of them, in answer to a question by the court, so stated. It does not, therefore, seek to enjoin the collection of a tax on property not owned by the complainants, but to avoid the payment of taxes on money in bank, by deducting therefrom *bona fide* debts owing by them, equal to the amount of such money. There is no authority of law for any such deduction. Section 24 of the Revenue act (2 Starr & Curtis' Ann. Stat. chap. 120, p. 2035,) provides for making a schedule of personal property subject to taxation. Section 25 specifies what such schedule shall set forth, the twenty-sixth item being, "The amount of moneys other than of bank, banker, broker or stock jobber." Complainants having in bank $10,000 in money, it was their duty to list it under that head. Failing to do so, it was not only the right, but the duty, of the assessor to place it on the schedule and assess it, and he was not required to give any notice whatever of his action in that regard. (*Wabash, St. Louis and Pacific Railway Co.* v. *Johnson,* 108 Ill. 11.) The twenty-seventh item on the schedule is, "The amount of credits other than of bank, banker, broker or stock jobber." Against that item deductions may be made

for *bona fide* indebtedness, (id. sec. 27,) in the manner provided in section 29. There is nothing in the statute allowing deductions of indebtedness against tangible property owned by a tax-payer, no matter what may be the character of such property. Money, like horses, cattle or other chattel property, is taxable under our statute, without reference to the indebtedness of the owner. As to credits, viz., money due, *bona fide* debts owing may be deducted.

There is nothing in this case charging the assessor with fraud or misconduct to the prejudice of appellants. They had the money and failed to list it. He afterwards discovered it and assessed it. On the showing of this bill they have no right to complain of that assessment, in a court of equity or elsewhere. If they had alleged and proved that they did not, as a matter of fact, have the money, a different case would have been presented. To say that they did not have it "over and above their indebtedness," amounted to nothing.

We are also of the opinion that if the item added to the schedule had been credits, instead of money, this bill would not lie, for even if appellants had the right to deduct indebtedness, they must have done it in the manner provided by section 29, *supra*. If they were entitled to any such deductions it was the fault of their agent that they did not get the benefit of them. It was not for him to say the indebtedness equaled or exceeded the credits, and therefore refuse to list the credits. But it is unnecessary to pursue this view of the statute, for what we have already said as to the attempt to make deductions from money will dispose of this case.

Something is said in the argument as to this money being in Missouri, and not, therefore, subject to taxation in this State. Under the evidence the point is, we think, without force, but a sufficient answer to it is, that no such question is presented by the bill.

The decree of the circuit court will be affirmed.

*Decree affirmed.*