## Ambrose C. Sellars

*v.*

## Margaret Barrett *et al.*

*Opinion filed April 17, 1900—Rehearing denied June 7, 1900.*

1. Taxes—"*credits*" *are personal property, within the meaning of section 276 of Revenue act.* "Credits" are personal property, within the meaning of section 276 of the old Revenue act, providing for the assessment of "any real or personal property" omitted from the assessment of previous years.

2. Same—*board of review may assess credits omitted in previous years.* Under section 276 of the old Revenue law, and section 35 of the Revenue act of 1898, which requires the board of review to assess "all property subject to assessment" which has been omitted by the assessor, the board of review may assess for the current year and previous years credits which have not been assessed and which were not omitted because offset by debts. (*Allwood* v. *Cowen,* 111 Ill. 481, distinguished and explained.)

3. Same—*deductions from credits should be by verified statement.* Section 29 of the Revenue act (Rev. Stat. 1874, p. 862,) requires that when deductions are claimed from credits the assessor shall cause such deductions to be verified by oath of the person claiming the same, which statement is preserved in the office of the county clerk for two years.

Appeal from the Circuit Court of Coles county; the Hon. Frank K. Dunn, Judge, presiding.

This is a bill, filed by Margaret Barrett and seventy other persons, appellees herein, averring that they are residents of Coles county and tax-payers thereof; that the personal property owned by each of them was assessed by the town assessor in the town of Mattoon in said county in the years 1894, 1895, 1896, 1897, and 1898, and taxes were extended against each of them upon the property so assessed against them; that each of them paid the taxes for each of said years so assessed and extended against them; that the appellant and two others constituting the board of review, at the meeting of the board for the year 1899, claimed to have discovered credits other than of bank, banker, broker or stock jobber

omitted by each of the complainants for the years 1894, 1895, 1896, 1897, and 1898; and that they, as said board of review, are empowered by the statute to assess each and all the complainants, or appellees, upon credits other than of bank, banker, broker or stock jobber, so claimed by them to have been omitted for the years aforesaid, and have listed and assessed appellees upon credits other than of bank, banker, broker or stock jobber for said years, and for the amounts specified in the bill; that the appellees, each in person or by attorney, appeared before said board of review at its meeting in August, 1899, and objected to the listing and assessment of such credits by said board upon the ground that such assessment was illegal, that said board had not power or authority of law to assess such omitted credits for the years aforesaid; and that their acts in assessing were illegal and without authority of law, etc.; that the board has returned the assessment books to the appellant, Ambrose C. Sellars, county clerk of said county, that he may extend the taxes upon the assessments so made upon such credits, claimed by the board of review to have been omitted by appellees for the said years and assessed by said board, and the said Sellars, county clerk of said county, will extend the taxes upon said credits as listed and assessed by the said board for each of said years and against each of appellees, and add the same to the current taxes of each of appellees for the year 1899, together with a penalty of ten per cent interest upon said credits claimed to have been omitted, unless he is restrained by injunction; that the listing of such credits by said board is without authority of law, and that said county clerk has no legal right to extend said taxes against appellees. The bill prays for an injunction against the county clerk from extending the taxes against such return and assessments.

A demurrer was filed to the bill by the appellant, and hearing was had upon the demurrer. The court over-

ruled the demurrer, and sustained the bill as to appellant, Sellars, but sustained the demurrer as to the two other members of the board of review, who were made defendants below, and dismissed the bill as to them. The present appellant elected to stand by his demurrer. The court, therefore, decreed that the bill be taken as confessed against appellant, and that he be enjoined from extending said assessment against the appellees, etc. The present appeal is prosecuted from the decree of the court, so enjoining the tax upon said assessments.

J. H. MARSHALL, and H. A. NEAL, (EMERY ANDREWS, H. S. CLARK, A. J. FRYER, H. P. COFER, and S. S. ANDERSON, of counsel,) for appellant.

JAMES W. & EDWARD C. CRAIG, HENLEY & HENLEY, I. B. CRAIG, BENNETT & VOIGT, and BRYAN TIVNEN, for appellees.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

It is admitted by counsel for both sides, that the demurrer to the bill, which was overruled, raises two questions: First, had the board of review any authority to assess any property omitted by the assessors prior to 1899? Second, if it had such authority in any case, had it any authority to assess credits for any year or years prior to 1899?

*First*—It must be held, in view of the language of the statutes and of a recent decision of this court interpreting those statutes, that the board of review had authority to assess property omitted by the assessors prior to 1899.

Section 276 of the Revenue act provides as follows: "If any real or personal property shall be omitted in the assessment of any year or number of years, or the tax thereon, for which such property was liable, from any cause has not been paid, * * * the same, when dis-

covered, shall be listed and assessed by the assessor and placed on the assessment and tax books. The arrearages of tax which might have been assessed, with ten per cent interest thereon, from the time the same ought to have been paid, shall be charged against such property by the county clerk." (3 Starr & Cur. Ann. Stat. p. 3516).

Section 35 of the Revenue act passed by the legislature at the extra session of 1898, entitled "An act for the assessment of property and providing means therefor and to repeal a certain act therein named," provides as follows: "The board of review shall: First—Assess all property subject to assessment which shall not have been assessed by the assessors. The board of review may make such alterations in the description of real or personal property as it shall deem necessary," etc.

In *People* v. *Sellars*, 179 Ill. 170, sections 276 and 35 above quoted came under the consideration of this court in connection with the first question raised by the demurrer here. In that case, which was a petition for *mandamus*, the petitioner, a citizen and tax-payer of Coles county, alleged that the assessor for the town of Mattoon had discovered personal property in his township omitted in the assessments for the years 1894, 1895, 1896, 1897, and 1898, upon which the taxes were not paid during said years, and that the town assessor had listed and assessed and placed on the assessment and tax books such property so omitted, and filed the same in the office of the county clerk, and had made demand upon the county clerk to extend such taxes. A demurrer was filed to the petition for *mandamus*, and the trial court sustained the demurrer and entered judgment against the petitioner, which judgment was affirmed by this court. It was there held, that the town assessor for the year 1898 had no authority under the foregoing statutes to make an additional assessment against the omitted property upon the, ground that the power to assess such omitted property

had been conferred by the act of 1898 upon the board of review. In that case, we said (p. 175): "Under section 276 of the old Revenue law, where property has been omitted in an assessment of any year or years, when the omission has been discovered, the assessor was authorized to assess such omitted property and make return to the county clerk. But under section 35 of the new law section 276 of the old law is changed and modified so that the power to assess omitted property is taken from the assessor and conferred upon the board of review. The language, 'first, assess all property subject to assessment, which shall not have been assessed by the assessors,' is plain, and was doubtless intended to cover all cases where property liable to be assessed had for any cause been omitted from the assessment by the local assessor. Section 276 of the Revenue law was not repealed, but it was changed and modified, so that the power of assessing omitted property was taken from the local assessor and conferred upon the board of review."

The assessment in the case at bar was made by the board of review. When the power of assessing omitted property was taken from the local assessor and conferred upon the board of review, the power of the board was not confined to the assessment of the current year, but extended to property omitted from the assessment of prior years. The precise question in *People* v. *Sellars*, *supra*, related to the power of the assessor of Mattoon township for the year 1898 to assess omitted property for the years from 1894 to 1898 inclusive; and it was there said, in answer to the contention that the board of review created by the act of 1898 was only intended to review such assessments as might be made under that act, that the language of section 35 of the act as above quoted was "general, and broad enough to cover cases that may have arisen as well before the act took effect as afterwards." It follows that the first question propounded as above must be answered in the affirmative.

*Second*—Counsel for appellees, however, insist that, even if the board of review has power to assess all other kinds of property which have been omitted from the assessment of prior years, it has no power to assess "credits" which have been omitted.   It is urged, as one of the reasons in support of this contention, that the words, "personal property," as used in the statute do not include credits.   The language of section 276 is: "If any real or personal property shall be omitted in the assessment of any year or number of years," etc.   Several provisions of the Revenue act are referred to as indicating that the legislature did not intend "credits" to be included in what is denominated "personal property."

The sixth clause of section 292 of the Revenue act is quoted.   That clause defines "credits" thus: "Every claim or demand for money, labor, interest, or other valuable thing, due or to become due, not including money on deposit."   It is said that "credits," as thus defined, cannot be included in the class of property designated as personal property.   Section 1 of the Revenue act is also referred to.   Section 1 provides "that the property named in this section shall be assessed and taxed, except so much thereof as may be, in this act, exempted: *First*— All real and personal property in this State.   *Second*— All moneys, credits, bonds or stock," etc.   It is claimed, that, by the language above quoted from section 1, the legislature intended to draw a distinction between "personal property" and "credits."   There is some plausibility in the contention thus made by counsel, but other provisions of the act cannot be otherwise interpreted than as including "credits" under the head of personal property. Thus, section 24 of the Revenue act provides that "persons required to list personal property shall make out, under oath, and deliver to the assessor, at the time required, a schedule of the numbers, amounts, quantity, and quality of all personal property in their possession or under their control, required to be listed for taxation

by them. It shall be the duty of the assessor to determine and fix the fair cash value of all items of personal property, * * * and in assessing notes, accounts, bonds and moneys, the assessor shall be governed by the same rules of uniformity that he adopts as to value in assessing other personal property," etc. It will not be denied that notes and accounts are "credits," and yet section 24, by the use of the words, "other personal property," evidently intends to designate notes and accounts as personal property.

Again, section 25 provides that "such schedule," being the schedule of personal property referred to in section 24, "shall truly and distinctly set forth: * * * *Twenty-seventh*—The amount of credits other than of bank, banker, broker or stock jobber." (3 Starr & Cur. Ann. Stat.— 2d ed.—pp. 3410, 3411). If it was not the intention to include credits so-called within the meaning of personal property, such credits would not be required to be set forth in a schedule of personal property. We are of the opinion that credits are personal property within the meaning of section 276 of the Revenue act, and, therefore, that the board of review had authority to assess omitted credits for any year or years prior to 1899, as well as any other omitted personal property.

But whether, under the language used in the Revenue laws, credits be regarded as personal property or not, section 35 of the act of 1898 provides that the board of review "shall assess all property subject to assessment which shall not have been assessed by the assessors." Certainly, the words, "all property" include any kind of property, whether real property, or credits, or personal property not embracing credits. It will not be contended that credits are not property of some kind; they must, therefore, come under the designation of "all property."

Counsel for appellees rely upon the case of *Allwood* v. *Cowen*, 111 Ill. 481, as sustaining their contention that the board of review has no power to assess credits which

have been omitted. The decision in that case is not sus-
ceptible of the construction given to it by counsel. In
*Allwood* v. *Cowen, supra,* a bill was filed to enjoin a tax
levied on credits alleged to belong to the complainant,
and that were charged to have been omitted from the
assessment made against him for the years 1877, 1878,
and 1879, but there it was made to appear that the com-
plainant had been assessed on his credits for the years
1877, 1878, and 1879, and had paid all the taxes so levied
for those several years. It was there said that most ar-
ticles of personal property are required by section 25 to
be listed and assessed by the number of articles owned
by the party to be assessed—as, for instance, the number
of horses, cattle, hogs, wagons, watches, clocks, etc. The
number of each of such articles must be separately stated
by the owner when listing the same. Credits, however,
are not assessed in that way, that is, by items, but the
whole amount is ascertained, and from that amount the
amount of *bona fide* debts, owing by the person to be
assessed, may be deducted. This balance, after making
such deductions, is subject to taxation. It was said in
the *Allwood case,* that, in deducting the amount of *bona fide*
debts from the amount of credits for the three years above
named, the assessor exercised his judgment in ascertain-
ing the facts, and that, under the statute, his acts were
in the nature of judicial acts, and, therefore, not subject
to review by his successor, even though his decision had
been erroneous. We there said: "Ascertaining the amount
of credits, after deducting *bona fide* debts owing by the
party to be assessed, involves, in some degree at least,
judgment and determination on the part of the assessor
acting. No power is given by statute to his successor,
whether he is his own successor or not, to correct, or in
any manner revise, the judgment of his predecessor in
such matters."

In *Allwood* v. *Cowen, supra,* section 276 was held to have
no application to cases where deductions are made from

credits, and a balance for making such deductions is assessed as credits against the party to be assessed. The ascertainment of such a balance necessarily involves investigation; and if a subsequent assessor could enter into an investigation to discover what items, if any, were omitted in ascertaining the amount of credits assessed in any previous year, he would have the power to review the acts of his predecessor; but it was not the design of the statute to confer any such power.

In the case at bar, there was no assessment of any credits at all for the years from 1894 to 1898 inclusive, and, therefore, no ascertainment of a balance by the deduction of debts from credits. Where there has been no assessment whatever for credits for a number of years, and it is subsequently discovered that the citizen is the owner of a large amount of notes, upon which there is no pretense that any assessment has been made, or any taxes paid, or that he is or was entitled to any deduction, an entirely different case is presented from that, which was brought to the attention of the court in the case of *Allwood* v. *Cowen, supra.* The doctrine of that case is, that the acting assessor has no power to review the act of his predecessor in determining what debts are to be deducted from credits and in striking a balance between the two. But here the assessor was never informed, that the appellees owned the credits set up in the bill, or any other credits, and consequently the assessor took no action in reference thereto. The subsequent assessment by the board of review cannot, therefore, be a review of any discretionary action on the part of the former assessor. This view of the *Allwood case* was taken in the case of *People* v. *Sellars, supra,* where it was said *in arguendo:* "Suppose the property in question consisted of credits and the owner thereof had been assessed for credits in the town of Mattoon for the years specified in the petition, * * * under the rule as declared by this court

in *Allwood* v. *Cowen*, 111 Ill. 481, the assessor would have no right whatever to make an additional assessment."

Counsel for appellees say, that the assessor for the years mentioned might have found the credits equal to the deductions allowed for the *bona fide* debts owing by the tax-payer, and that, in such case, there would be no balance to be assessed. There is, however, no averment to this effect in the bill in this case. If such a fact existed, it was the duty of appellees to have averred it in their bill. Section 29 of the Revenue act provides that, in all cases where deductions are made for credits, the assessor shall require such deductions to be verified by the oath of the person claiming the same; and the statement of the deduction so claimed is required to be preserved by the assessor for a certain period of time. In reference to this very point we said in *Morris* v. *Jones*, 150 Ill. 542: "To say that they (the complainants) did not have it 'over and above their indebtedness' amounted to nothing. We are also of the opinion that if the item added to the schedule had been credits, instead of money, this bill would not lie, for even if the appellants had the right to deduct indebtedness, they must have done it in the manner provided by section 29 *supra.* If they were entitled to any such deductions, it was the fault of their agent that they did not get the benefit of them. It was not for him to say the indebtedness equaled or exceeded the credits, and, therefore, refuse to list the credits."

For the reasons above stated we are of the opinion that the second question raised by the demurrer to the bill must be decided in the affirmative.

The decree of the circuit court, overruling the demurrer to the bill, is reversed, and the cause is remanded to that court with directions to sustain the demurrer.

*Reversed and remanded, with directions.*