JOHN B. PEIRCE

*v.*

R. L. CARLOCK, County Clerk.

*Opinion filed December 22, 1906—Rehearing denied Feb. 7, 1907.*

1. TAXES—*what must appear in bill to enjoin collection of tax.* A bill to enjoin the collection of a tax must state facts which bring the case under some acknowledged head of equity jurisdiction; nor will a tax based upon an assessment made by the board of review as for credits omitted in previous years be enjoined unless it appears from the bill that complainant has been wrongfully assessed.

2. SAME—*board of review has power to assess omitted credits.* A board of review has power to assess credits omitted from the owner's assessment in previous years where no sufficient reason appears why they were so omitted.

3. SAME—*party not entitled to deductions unless he makes the statement required by law.* A party is not entitled to have his *bona*

*fide* debts deducted from his credits unless he makes the statement of credits and indebtedness required by sections 27 and 29 of the Revenue act, which is a separate document entirely distinct from the regular schedule.

APPEAL from the Circuit Court of McLean county; the Hon. T. M. HARRIS, Judge, presiding.

This is an appeal from a decree dismissing at appellant's cost his bill in chancery, filed in the McLean county circuit court, to restrain appellee, the county clerk of said county, from extending against him on the tax collector's books for the year 1906 any tax assessments or penalties under the order of the board of review assessing against the appellant certain alleged omitted credits for the years 1893 to 1903, inclusive. The credits alleged to have been omitted consisted of certain indebtedness payable to appellant and secured by mortgages to him.

The bill alleges, (paragraph 8,) among other things, that for each of the years 1893 to 1903, inclusive, the personal property and credits of appellant were legally assessed by the assessor of the township of Anchor, in said county; "that at the time of each of said assessments your orator stated to the assessor of said township the amount and items of all indebtedness, including said mortgages, owing to your orator on the day your orator's property was required by law to be valued, and the amount and items of the *bona fide* debts owing by your orator on said day; that said items * * * were considered by the said assessor and the debts then owing by your orator deducted from the indebtedness, including said mortgages then owing to your orator; that the said assessor then and there, at each of said times, adjudged and determined that your orator was entitled to have the debts then owing by him deducted from the amount of such of each of said mortgages as was then owing to your orator, and adjudged and determined that your orator was not the owner of any *credits* for which he should or was by law lia-

224—39

ble to be assessed for said year; that the said assessor then and there, at each of the said times, set down or entered the description and value of each and every item of personal property owned by your orator and for which he was, by law, liable to be assessed for said year, on lists or schedules, which, when completed, were handed by said assessor to your orator and then and there signed by him and returned to the said assessor; that the assessment so made, as aforesaid, against your orator for each and every of said years was made by the assessor upon the same basis adopted and used by him in assessing like property of other persons," etc. The bill further alleges (paragraph 9) that the taxes so assessed against him during the years 1893 to 1903, inclusive, were paid by him. It further alleges (paragraph 10) that the board of review for McLean county for the year 1904 notified appellant, in writing, to appear before the board and show cause why he should not be assessed on omitted personal property for each of said years, and that appellant appeared, and said board, "after hearing the evidence, find no case." It is further alleged (paragraph 11) that the board of review for said county for the year 1905 notified appellant to appear and show cause why he should not be assessed for omitted personal property for said years, and, after hearing, pretended to assess him upon the full amount of mortgages alleged to have been omitted for said years, and made and entered said assessments of said mortgages upon said assessor's books for said Anchor township for the year 1905 against appellant for the years 1893 to 1903, inclusive. This is the substance of the allegations of the bill upon which appellant relies in his brief and argument.

Appellee demurred to said paragraphs 8, 11 and others, and answered paragraph 10, stating, in substance, that the board of review of McLean county for the year 1904, on September 13, 1904, made a report of its work and proceedings to the county clerk of said county and turned over to the county clerk the assessor's books for the several townships

for that year, and that there was attached to said books the usual oath required by statute of boards of review, which said oath was signed but not sworn to; that after said date of making the report to the county clerk said board of review re-organized, and continued to act as such board of review until February 11, 1905; that after such re-organization said board of review notified the said J. B. Peirce, appellant, and the said J. B. Peirce appeared before said board of review, and the said board of review entered the finding, stating that after hearing the evidence it found no case. And the answer further avers that said board of review, after its report to the county clerk, on September 13, 1904, ceased to be a legal body, and was without power thereafter to consider a review or make assessments, and that said act of said board of review was void and of no effect.

Exceptions were filed to this answer, claiming that the defense attempted to be set up was a collateral attack upon the judgment of the board of review, which the defendant was estopped and precluded from making. The court, on hearing, sustained the demurrer of appellee to paragraph 8 of the bill and overruled the exceptions of appellant to the answer. Exceptions were taken to these rulings of the court, and appellant elected to stand by his bill and his exceptions to the answer. The court thereupon dismissed the bill for want of equity, and an appeal was taken to this court.

PEIRCE & PEIRCE, for appellant:

Credits, in the meaning of the Revenue law, is the balance owing to a person over and above what he owes, and unless there is a balance he has no credits. *Homestead Ass.* v. *Keith,* 153 Ill. 609; *Barkley* v. *Dale,* 213 id. 616; *Florer* v. *Sheridan,* 137 Ind. 28.

Equity will afford a remedy by injunction where the tax-payer does not own the property assessed, (*Weber* v. *Baird,* 208 Ill. 209,) or where the tax is levied without authority

of law, or where the property assessed is not subject to taxation. *Lebanon* v. *Railway Co.* 77 Ill. 539; *Kimball* v. *Trust Co.* 89 id. 611; *Searing* v. *Heavysides,* 106 id. 85; *Allwood* v. *Cowen,* 111 id. 481; *Condit* v. *Widmayer,* 193 id. 623.

It is the duty of an assessor to ascertain the total amount of the tax-payer's credits, and to deduct therefrom the total amount of his *bona fide* debts and to assess him on the balance as credits. *Barkley* v. *Dale,* 213 Ill. 614.

It is the duty of the tax-payer to make a true and correct statement of his taxable property in the form required and to deliver the same to the assessor. 3 Starr & Cur. Stat. chap. 120, sec. 78; Revenue act of 1898, sec. 16.

The duty of the assessor to assess the property at its fair cash value, less deductions allowed from credits, is entirely independent of anything the property owner may or may not do. *Stock Exchange* v. *Gleason,* 121 Ill. 502; Revenue act of 1898, sec. 18.

No assessment shall be considered illegal on account of any informality in making the assessment or in the tax lists. 3 Starr & Cur. Stat. chap. 120, sec. 283.

No presumption will be indulged of dereliction of duty by an assessor. *Hotel Co.* v. *Lieb,* 83 Ill. 602.

The acts of the assessor in determining what debts are to be deducted and ascertaining the balance of credits to be assessed are in the nature of judicial acts, and though ever so erroneous are not subject to review by his successor, (*Allwood* v. *Cowen,* 111 Ill. 481,) or by a board of review sitting for a year subsequent to that in which the assessment was made. *Barkley* v. *Dale,* 213 Ill. 614.

An assessment, by a successor or subsequent board of review, of credits considered and acted upon by an assessor is wholly without authority of law. *Allwood* v. *Cowen,* 111 Ill. 481; *Barkley* v. *Dale,* 213 id. 614.

Equity will afford a remedy by injunction where an assessment or levy is made without authority of law. *Allwood* v. *Cowen,* 111 Ill. 481; *Condit* v. *Widmayer,* 193 id. 623.

W. R. BACH, WELTY, STERLING & WHITMORE, and GEORGE H. MANLOVE, for appellee:

Before a tax-payer can deduct his indebtedness from his credits it must be done in the manner provided by section 29 of the Revenue act, which requires a schedule of credits and debts which the party desires to deduct. It is not for the party to say the indebtedness equals or exceeds the credits, and therefore refuse to list his credits. *Morris* v. *Jones,* 150 Ill. 542.

Where deductions are claimed from credits the assessor shall cause such deductions to be verified by oath by the person claiming the same, which statement is to be preserved in the office of the county clerk for two years. *Sellars* v. *Barrett,* 185 Ill. 466; *Siegfried* v. *Raymond,* 190 id. 424.

A tax-payer is not entitled to deduct his debts from his credits unless he takes the steps required by law in such a case. 1 Cooley on Taxation, (3d ed.) 273.

The amount of back taxes assessed against the complainant for at least two of the years in question was on account of money loaned, and this being the case, the complainant was not entitled to have any debts deducted from the same. Rev. Stat. chap. 120, sec. 28.

Mr. JUSTICE CARTER delivered the opinion of the court:

A party who asks a court of equity to restrain the collection of taxes must state facts which bring his case under some acknowledged head of equity jurisdiction. The extraordinary power of injunction will be exercised very sparingly where important public interests are involved. (*Martin* v. *Barnett,* 188 Ill. 288.) An injunction will not lie unless it is clearly made to appear that the party has been wrongfully assessed. (*Correll* v. *Smith,* 221 Ill. 149.) Has appellant shown in his bill that he is entitled to the relief prayed for?

Paragraph 27 of the Revenue act of 1872 (Hurd's Stat. 1905, p. 1646,) provides: "In making up the amount of credits which any person is required to list for himself, or

for any other person, company or corporation, he shall be entitled to deduct from the gross amount of credits the amount of all *bona fide* debts owing by such person, company or corporation, to any other person, company or corporation, for a consideration received; * * * and so much only of any liability, as surety for others, shall be deducted as the person making out the statement believes he is legally and equitably bound, and will be compelled to pay on," etc. Paragraph 29 of the same statute provides: "In all cases where deductions are claimed from credits, the assessor shall require that such deductions be verified by the oath of the person, officer or agent claiming the same; and any such person, officer or agent, knowingly or willfully making a fraudulent statement of such deductions claimed, so verified by affidavit, shall be liable to a fine. * * * The assessor shall preserve the statement of deductions thus claimed, so verified by affidavit, and when he returns the assessment books shall file the same with the county clerk, to be kept on file in his office for two years, and at the expiration of such time said statement of deductions shall be destroyed by said clerk, but, in the meantime, shall be subject only to the inspection of the officers charged with the execution of this law."

The bill does not state that for the years from 1893 to 1903, inclusive, or any or all of these years, the debtor, for himself or by any other person, made a statement of his credits and the deductions he claimed therefrom. Appellant contends that the law does not place upon property owners the duty of making a statement of their credits and the deductions that they claim therefrom. We think this is not in accordance with the law. This court held in *People* v. *Atkinson,* 103 Ill. 45, that if the assessor misleads a property owner and has property assessed in the wrong township, such statement of the assessor does not make the assessment fraudulent, as the property owner is bound to know the law. In *Coxe Bros. & Co.* v. *Salomon,* 188 Ill. 571, we held that the failure or

refusal of the board of assessors or board of review to consider a tax-payer's complaint of over-valuation was not, of itself, a sufficient ground to give a court of equity jurisdiction to restrain the collection of the tax; that the tax-payer must insist upon the hearing of his complaint of over-valuation in time to protect his interests, and, if necessary, by *mandamus* compel the board to act.

Appellant contends that under the authority of *Allwood* v. *Cowen,* 111 Ill. 481, a court of equity should interfere in the collection of this tax. In considering the right of the board of review to assess credits omitted from the assessment of previous years, this court in *Sellers* v. *Barrett,* 185 Ill. 466, reviewed and applied *Allwood* v. *Cowen, supra,* holding that the board of review had the power to assess credits which had been omitted from former assessments, and stating (p. 475) : "Counsel for appellees say that the assessor for the years mentioned might have found the credits equal to the deductions allowed for the *bona fide* debts owing by the tax-payer, and that in such case there would be no balance to be assessed. There is, however, no averment to this effect in the bill in this case. If such a fact existed, it was the duty of appellees to have averred it in their bill. Section 29 of the Revenue act provides that in all cases where deductions are made for credits the assessor shall require such deductions to be verified by the oath of the person claiming the same, and the statement of the deduction so claimed is required to be preserved by the assessor for a certain period of time." The same opinion quotes with approval from *Morris* v. *Jones,* 150 Ill. 542, as follows : "We are also of the opinion that if the item added to the schedule had been credits, instead of money, this bill would not lie, for even if the appellants had the right to deduct indebtedness, they must have done it in the manner provided by section 29, *supra.* If they were entitled to any such deductions it was the fault of their agent that they did not get the benefit of them. It was not for him to say the

indebtedness equaled or exceeded the credits, and therefore refuse to list the credits."

In *Siegfried* v. *Raymond,* 190 Ill. 424, this court, after reviewing many authorities, stated that if persons desired to avail themselves of certain deductions they should have filed with the assessor a schedule of their property, including credits and indebtedness, as provided by section 29 of the Revenue law of 1872 and section 19 of the act of 1898, which they failed to do; "by such failure they not only subjected themselves to the penalty of having an amount equal to fifty per cent of the valuation of their property, as fixed by the board of assessors, added to their assessment, but deprived themselves of the right to deduct from their credits their indebtedness." In *Cummins* v. *Webber,* 218 Ill. 521, we held that the law required the property owner to sign and make oath to his assessment schedule.

The right to have debts deducted from taxable property is not absolute, but is in the nature of a favor to the taxpayer, and no one can claim this deduction unless he takes the steps required by law to establish his right thereto. (1 Cooley on Taxation,—3d ed.—p. 273.) Manifestly, from said paragraphs 27 and 29 it was intended that the property owner must make out this statement, giving a list of his credits and the deductions claimed therefrom. This statement is not a part of the regular schedule, but is a distinct and independent document. The bill, on its face, shows that appellant had not complied with the law, and therefore he cannot ask that the collection of his taxes be restrained. On the pleadings the bill was properly dismissed for want of equity.

We find no reversible error in the record. The decree of the circuit court will be affirmed.        *Decree affirmed.*