(No. 15828.—Reversed and remanded.)

THE PEOPLE *ex rel.* Harry W. Greer, County Collector, Appellant, *vs.* BERTHA B. HUNT, Appellee.

*Opinion filed February 19, 1924.*

1. TAXES—*board of review cannot, in subsequent year, re-assess credits as omitted in prior year.* Where credits are disclosed for assessment and have been assessed and the taxes paid, the board of review cannot, in a subsequent year, re-assess the same party on credits as omitted from the previous assessment on the ground that the owner had not disclosed the true amount of his credits.

2. SAME—*board of review cannot assess credits for prior year after having determined they were not assessable for that year.* The law presumes public officers properly perform their duties, and where the board of review in one year has determined that certain credits in the nature of a contract for the sale of property were not assessable, the board cannot in a subsequent year assess the credits as having been omitted and tax against the same party the same property which the former board had determined should not be assessed.

3. SAME—*when oral testimony is competent to prove finding of board of review.* The only record the board of review is required

to keep of its action in determining whether property shall be assessed against a party is to note what it does on the tax books, and where the finding is that the property is not taxable and no entry is made on the tax books, oral testimony of the hearing and determination of the board is competent.

4. SAME—*when contract for sale of property is properly taxed to owner who assigned it prior to April 1.* Where the weight of the evidence shows that the owner of a contract for the sale of land assigned the same a few days prior to April 1 for the evident purpose of evading taxation, the contract may be properly taxed to said owner for the year in which the assignment was made.

APPEAL from the County Court of Fulton county; the Hon. J. D. BRECKENRIDGE, Judge, presiding.

FLOYD F. PUTMAN, State's Attorney, for appellant.

MARVIN T. ROBISON, for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted by the appellant from a judgment of the county court sustaining objections of appellee, Bertha B. Hunt, to judgment for a delinquent personal property tax which the collector extended against real estate of appellee. The board of review assessed for taxation as the property of appellee a contract entered into June 2, 1920, between appellee and Tony Golick, by which appellee, the owner of certain land described in the contract, agreed she would convey it to Golick upon the payment of $27,000 according to the terms of the contract. A payment of $4000 was made, and there remained in 1921 and 1922 a balance due on the contract of $23,000. The board of review in 1922 assessed the contract as appellee's property at a valuation of $13,800, and also assessed it for the previous year at the same valuation as an omitted credit taxable to appellee that year. The taxes extended amounted to $893.91. Appellee, on notice from the board of review,

appeared before it and resisted the assessment. She refused to pay the tax and it was extended against her real estate. She paid the taxes assessed against her land and the collector extended the unpaid personal tax against her real estate. When he applied for judgment, appellee objected to judgment and order of sale for the personal property tax, and the county court sustained her objection and denied judgment.

Appellee filed eight objections, but it will not be necessary to set them all out or discuss them. The decision of the case depends upon whether for the years the property was assessed appellee was the owner of it on the first day of April, and also whether, in any event, it could have been taxed as a credit omitted in 1921.

The oral testimony shows the board of review investigated the liability of the contract for taxation in 1921, that appellee appeared before the board in answer to a notice, and that the board, upon a hearing, determined she was not liable to be taxed on the property and it was not assessed against her. There is no dispute of the truth of the testimony as to what the board did that year and of its decision that the property should not be taxed to appellee, but there was no record of the board of review showing what it did, other than that the tax books show the property was not assessed to appellee that year. We have held when credits were disclosed for assessment and taxation, taxes extended and paid, and in a subsequent year the same party was assessed on omitted credits for the previous years in which credits were assessed and the taxes paid on the claim that the owner had not disclosed the true amount of his credits, the action of assessing the credits for the years they had been assessed and the taxes paid was unlawful and void. (*Warner* v. *Campbell*, 238 Ill. 630.) We have no doubt of the soundness of that decision. There must be some stability in the administration of the taxing laws by the tax authorities and some security to the property owner

in reliance on the official acts of the authorities. There might be circumstances which would justify the tax officer in disregarding the action in previous years as to assessing credits, but that could only be, if at all, under exceptional conditions. We think the general rule is, and should be, when credits are listed, assessed and the tax paid, the property cannot for those years be again assessed in subsequent years as credits omitted. But that is not the precise question here presented. The question here is, the tax authorities having caused appellee to appear at a hearing when the object was to determine whether the contract was assessable against her as a credit, the hearing having resulted in a decision of the board of review that it was not taxable against her, whether the board's action in refusing to assess and tax the contract to appellee was in the nature of a judicial determination that year and in effect a bar to a reconsideration of the question in a subsequent year.

We think the question presented here is analogous in principle to the question decided in the case of *Warner v. Campbell, supra.* The board of review in that case heard and considered the facts presented on the question of the liability of appellee to be assessed on the property in 1921 and decided she was not. Appellee's claim was that she had prior to April 1, on notice to Golick, terminated and forfeited the contract. If the board of review in the following year could disregard the action and decision of the board in 1921 and on the same facts find the contract was assessable to appellee, then a new board of review in any year could disregard the previous board's action, and the tax-payer would always be in a state of uncertainty. The law presumes public officers properly perform their duties, and we think, in the interest of stability, when it does not appear that there was any concealment of the facts upon which the tax-payer bases his claim that the property should not be taxed to him, the action of the board should be a protection to the tax-payer against any action of the

board in subsequent years to tax the same property against the same party which the former board had determined should not be assessed against him. That is not different in principle from the rule laid down in *Warner* v. *Campbell, supra, Peirce* v. *Carlock,* 224 Ill. 608, and *Barkley* v. *Dale,* 213 id. 614.

The only record the board of review is required to keep of its action in determining whether property shall be assessed against a party is to note what it does on the tax books. As it did nothing about taxing the property here involved the board made no entry on the tax books, and we think oral testimony of the hearing and determination of the board was competent. Our conclusion is, that the board should not in 1922 have taxed the property as an omitted credit in 1921.

Appellee contends she should not have been assessed, on account of the contract in question, for the year 1922, which she testified was re-instated in July, 1921, for the reason that she was not the owner of it on April 1, 1922. Proof was offered before the court by several witnesses. Appellee testified she assigned the contract on March 16, 1922, to R. M. Kingsland, trustee, for A. T. Lane, of Hitchcock, Kansas, who is an uncle of appellee; that she had not had in her possession or claimed any interest in the contract since that time; that the transfer was made in good faith, as she wanted to go west and stay indefinitely, and it was made for a valuable consideration, with no intention to avoid taxes. She testified, on cross-examination, the reason she disposed of the farm to Kingsland was, that after Golick had been told that she had assigned the contract he was very abusive and she did not care for any further dealings with him. She said she would rather take a less per cent than be troubled with the contract any further. The assignment as executed by appellee and her husband was offered in evidence and recited a consideration on its face of

one dollar.  On April 28, 1922, a warranty deed was made by appellee and her husband conveying the land described in the contract to the trustee mentioned in the assignment, with a provision that the deed was made subject to an agreement for a deed to Tony Golick, who was the other party to the contract here in question.  This deed was also offered in evidence, and the consideration named therein was one dollar.  Appellee further testified she was paid for the assignment of the contract in government bonds, and that she had no private agreement that the property would be transferred back to her.  She admitted collecting payment of interest and taxes from Golick on the contract during the latter part of June, 1922, which was three and one-half months after the date of her assignment and over two months after her deed conveying the property, but stated she did so with the consent of the trustee and immediately turned over the money to him in amount of $760.50 and took his receipt therefor dated July 1, which receipt was also introduced in evidence.

R. M. Kingsland testified he is a real estate, loan and insurance man, residing in Canton, Illinois; that he made the assignment of the contract in his office on March 16, 1922; that he had no dealings with A. T. Lane on that day, did not know on the day of the assignment whom he was acting for as trustee, did not pay appellee any consideration for the transfer of the property, nor did he deliver any government bonds to appellee for the property on that day.  He further testified he had delivered government bonds and securities to appellee since the time of the assignment of the contract, but could not state positively that such securities were in consideration of the property.  Witness has a power of attorney from Lane to collect the rent.  Witness said: "Of course, in this particular matter I would prefer not to state who the owner is, but, of course, Mrs. Hunt testified it was Mr. Lane, and there is no reason for me denying it, but personally I prefer not to give that out."

Lane is an uncle of Mrs. Hunt and also an uncle of Kingsland's wife.

Tony Golick, the purchaser of the property mentioned in the contract, testified that he is a druggist in Canton; that appellee had called him to her house and asked him not to give her away to the board of review; that the board of review was after her about taxes, and she wanted witness to help her out so the board would not tax her; that appellee had talked to him many times about it. Witness said he received no notice at the time of the assignment of the contract, in March, 1922, but appellee told him when he paid his interest, after July he would have to deal with Kingsland. Witness said that he did not appear before the board of review at any time, but told the board when it called on him at his store that he did not want to make any statement about the contract but would state the facts any time he had to do so. The contract was canceled January 15, 1923. Appellee denied making any request of or statement to Golick relative to keeping the contract from being taxed or that the board of review was after her, and testified Golick threatened to cause her trouble with the board of review or Federal tax collector if she did not give back to him the property which he had deeded to appellee, or its value, $4000. A letter from appellee to the board of review, dated September 16, 1922, was introduced in evidence, wherein she stated that her reason for disposing of her interest in the farm was because of a lost or misplaced deed.

Counsel for appellee says that the case rests upon the facts as determined by the evidence, and the lower court having heard the testimony of the witnesses and having found for appellee, this court should not disturb such finding unless it is contrary to the weight of the evidence. It is true that the trial court is in a better position to form an opinion as to the relative merit and weight of the testimony given by the several witnesses, whom he sees and

hears, but as we view this record we think there exists through all the testimony a persistent effort on the part of appellee to evade taxes upon the contract here involved. Her own testimony as to why she disposed of the farm property during the early part of 1922 is not consistent. Her assignee in the contract, who was named as trustee for her uncle, did not know at the time of the assignment for whom he was acting as such trustee, though he himself made out the assignment for appellee. The trustee did not corroborate appellee that any consideration had been paid her for such assignment or deed to the property. In fact, he testified he paid her no consideration whatever for the transfer of the property, and said he preferred not saying to whom the title to the property actually belonged. It has well been said: "When the State imposes the burden of taxation upon the property possessed by the citizen, it means both that of which he is the open holder and that which he has secreted and concealed. His cunning may in practice defeat the imposition upon the latter, but it is legally no less liable to the burden, and when discovered the duty will be exacted, no matter what the shifts and devices which may have been resorted to in order to escape." *In re Appeal of People's Bank of Vermont,* 203 Ill. 300.

From the state of the record we think the property represented by the contract was properly taxed for the year 1922, and the county court should have so held.

The judgment is reversed and the case remanded to the county court, with directions to deny judgment for the tax on the assessment of 1921 and to enter judgment for the tax of 1922.

*Reversed and remanded, with directions.*