No. 3346.—STATE OF LOUISIANA, ex rel. BOARD OF SCHOOL DIRECTORS, v. The MAYOR and ADMINISTRATORS.

Section seven of the revenue law of 1871 prohibits all cities and municipal corporations in the State from levying a tax for any purpose, in any year, in excess of two per centum on the assessed value of all property therein listed for taxation. It being shown that the Council of the city of New Orleans has already levied a tax in excess of two per centum on the taxable property within the city limits. Held—That under the prohibition contained in the act above recited, the city could not be compelled by writ of mandamus to levy an additional tax for school purposes, although the General Assembly had by special act directed that the Council should levy a tax for such purpose.

APPEAL from the Eighth District Court, parish of Orleans.  *Leaumont*, Judge of the Fifth District Court, parish of Orleans, presiding in place of Dibble, J., recused. *S. Belden*, Attorney General, and *J. P. Hornor*, for relators and appellants. *Geo. S. Lacey*, City Attorney. for defendant and appellant. *J. B. Eustis*, Esq., and *H. N. Ogden*, Esq., attorneys at law, appeared as *amici curi*, and argued in behalf of the taxpayers against the tax sought to be imposed by this proceeding,

HOWELL, J.  The relators have appealed from a judgment refusing a writ of mandamus to compel the Mayor and Administrators of the city of New Orleans to levy and collect a tax sufficient to realize the sum of $350,000 fixed by the said relators for the purpose of maintaining the free public schools in the city of New Orleans during the current year, in accordance with the provisions and requirements of act No. 8 of the Legislature of 1871, entitled "An Act to amend an act entitled an act relative to public education in the State of Louisiana and the city of New Orleans, and to raise a revenue for that purpose," approved February 25, 1871, the seventh section of which is in the following words: "The Board of School Directors for the city of New Orleans shall, immediately upon their organization, and also at the commencement of each year thereafter, ascertain the amount of funds necessary to carry on the schools under their charge for the current year and report the same to the Board of Administrators of the city of New Orleans, who shall, at such time as they may deem necessary, levy the amount on the taxable property of the city, and direct the same to be collected in the manner and at the time by them deemed most desirable, but the time shall not exceed six months from the date of their notification of the amount required."

Among other reasons to justify their refusal, the respondents aver that section seven of the act No. 42 of the Legislature of 1871, entitled "An Act to provide a revenue, to levy and collect taxes, to grant and collect licenses, etc.," approved March 3, 1871, prohibits the City Council of New Orleans, the respondents, from levying any tax upon the property situated in said city, listed for taxation, to a greater amount than two per centum of the cash value thereof, and that there have already been levied upon said property taxes to the amount of two and five-eighths per centum of the value thereof, and the tax-payers are protected by said law from the payment of any other or further sum, unless by vote of the citizens entitled to vote in said city, and no such vote has been had on this question.

Section seven relied on reads as follows: "That no city or municipal corporation shall levy a tax for any purpose which shall exceed two per centum on the assessed value of all property therein listed for taxation; nor shall the police jury of any parish levy a tax for any purposes, during any year, which shall exceed one hundred per centum of the State tax for that year, unless such excess, whether levied by village, city or parochial authorities, *shall first be sanctioned by a vote of a majority of the said voters of said village, city or parish*, at an election held for that purpose. No *per capita* tax, except the poll tax authorized by the State Constitution, shall be assessed or collected in this State."

It is suggested by counsel for the relators that this act (No. 42) became a law subsequent to the school bill, and does not, therefore, affect or impair the right of the city authorities to act under the provisions of said school bill. If there be any force in this, the successful reply to it is that the same provision existed, as to cities, in the revenue law of 1870, and the prohibition, therefore, existed at the date of the passage of the school bill, and was simply continued or re-enacted in the act of 1871, the repealing section of which repealed only such laws or parts of laws as are contrary to or inconsistent with said act. See 22 An. 273.

It is next suggested that this section violates article 114 of the Constitution of the State, as it is not covered by the title to the revenue act, wherein it is found. In this view we can not concur. The phrase in the title "to levy and collect taxes," is direct and comprehensive enough to embrace the provisions of section seven, which relates unequivocally to the subject of levying taxes, cities, municipal corporations and parishes, subdivisions of the State, being prohibited from levying taxes beyond a certain per centum. And furthermore, it is a well established rule of legal construction that "the title of a law is not to be strictly construed; if it state the object according to the understanding of reasonable men, it satisfies the Constitution." 6 An. 605; 21 An. 752. Nor is it necessary that the title should define or

specify the particular provisions of each section—a rule which would make the title as long as the law, or would be the law, less the enacting words only.   The title is sufficient.

But it is said the court will rather prefer to harmonize the provisions of both laws, to do which it is only necessary to apply the limitation, not to the aggregate of taxes which it may be necessary for the city to assess, but to the dimensions or amount of any one single tax of the several taxes which it is and was known the city required as the consolidated loan tax, the railroad tax, the park tax, the Metropolitan Police tax, etc.   It is not difficult to perceive that this construction would totally destroy all limitation, and leave the law without a rational object; for, upon this theory, the city authorities might levy any number of specific taxes for particular purposes, provided each one did not exceed two per centum of the value of the taxable property.   Such a construction is not allowable.

The law is free from ambiguity, and is manifestly enacted in the interest of the taxpayers and intended to limit, as it does, the taxing power of all municipal and parochial authorities to the will of the voters as to any and all taxation on property beyond two per centum of its value.   If, however, such authorities deem an additional amount necessary for the public good, they have under this law only to submit the question to the legal voters of the respective localities for their decision.

Although judges are not to be controlled in their action by a consideration of the consequences which may flow from their exposition of laws, we can very properly say that we are unable to perceive the disastrous consequences which seem to be apprehended by counsel from the operation of this law.   If the people of New Orleans desire the public schools in the city to be maintained by special taxation on their property, they will doubtless give their sanction to the levying of the additional tax necessary for such a laudable purpose, whatever may be the comparative importance of the objects for which the limit of taxation has already been attained.   It is certainly not within the province of the courts to set aside the law for the purpose of sustaining even the free public school system.

Our conclusion is that a writ of mandamus can not properly issue in this case to compel the Board of Administrators to levy and collect a tax sufficient to realize the sum called for by the relators.   The seventh section of the revenue act of 1871 has clearly limited the taxing power of the municipal government, and that power has already been exhausted; but said section has also provided a mode for raising any necessary tax beyond the prescribed limit, and that mode is not the one resorted to in this proceeding.

It is therefore ordered that the judgment of the district court be affirmed, with costs.