HEBARD and another vs. ASHLAND COUNTY and another.

*April 8 — May 10, 1882.*

TAXATION. *(1) Limitation of taxing power of county. (2) On what valuation highway tax must be based.*
EQUITY: AVOIDING TAX SALE, etc. *(3) When equity grants full relief. (4) When no payment required as condition of relief.*

1. Under section 3, art. XI of the state constitution, where a county is already indebted in a sum exceeding five per cent. of the value of the taxable property therein, it cannot incur a further indebtedness for building a court-house or for any other purpose; and a tax levied to pay such further alleged indebtedness is void.
2. A highway tax of four mills on each dollar of the taxable property of a town, based upon the valuation of the year in which such tax was levied, instead of the valuation of the previous year, is unauthorized by the statute and void.
3. Where the court has otherwise obtained jurisdiction in equity to set aside tax sales and certificates, it will take cognizance of a defect in the proceedings for the sales (as a lack of any record proof of notice thereof), for which there might be a remedy at law.
4. Where, in an action to set aside tax sales and certificates for the illegality of a part of the taxes, the record discloses no means of determining what amount of the tax levied upon plaintiff was valid, the court will not require payment of any amount as a condition of relief.

APPEAL from the Circuit Court for *Ashland* County.

The defendants appealed from a judgment in favor of the plaintiffs. The case will sufficiently appear from the opinion.

*J. J. Miles,* for the appellants, argued, among other things, 1. It appears from the complaint and findings that the lands were sold by the treasurer of the county, and as the county could not in such case be the purchaser, or own the certificates (R. S., sec. 1138), the owner or owners of the certificates were not parties to the action. The court could therefore make no decree canceling such certificates. R. S., sec. 2610; Story's Eq. Pl., §§ 72, 77, 81; *Armstrong v. Pratt,* 2 Wis., 299; *Siegel v. Outagamie Co.,* 26 id., 70. 2. The amendment

to sec. 3, art. XI of the constitution, was not intended to prevent counties from incurring indebtedness, even though in excess of five per cent. of their taxable property, for court-houses, jails and other necessary county buildings which the law at the time of the adoption of such amendment required the county to provide. It was intended to prevent municipalities from burdening themselves with debts incurred in aid of railroads. If the amendment were strictly construed, without reference to its purpose or the laws then existing, no county which had already an indebtedness exceeding the limit could become indebted to, or collect taxes for the payment of, its officers, jurors or other persons necessarily employed in the performance of its duties.

For the respondents there was a brief by *John H. Knight*, and oral argument by *Wm. F. Vilas*.

ORTON, J. This action is brought to set aside the tax sales, cancel the tax certificates, and enjoin the issuing of the tax deeds of the lands of the plaintiffs for the taxes of 1878. The objection is raised for the first time in this court, so far as appears in the record, that there is a defect of parties defendant by the absence of the holder or holders of the tax certificates sought to be canceled. It is not even suggested in the answer who are the holders of said certificates; *non constat*, but that the county of Ashland may be such holder; but if there are any persons interested who are not made parties, they are not bound, and it is of no interest whatever to the defendants whether they are made parties or not.

It was found by the circuit court that a part of the taxes levied and assessed in the county of Ashland for the year 1878 consisted of the sum of $6,000 to pay off an indebtedness of said county for building a court-house, and the sum of $6,400 to redeem county orders, for the payment of which there was no money in the treasury; and that previous to and at the time said indebtedness was incurred, the county of

Ashland had an existing indebtedness exceeding five per centum of the value of the taxable property therein. It follows, and the circuit court so found, that said indebtedness, for which in part the said taxes were levied and assessed, was forbidden and prohibited by the amendment to section 3 of article XI of the constitution of the state, and therefore void, and could not be the basis of taxation; and that to that extent the taxes for that year were void, and the taxes of the respondents proportionably were void. That this constitutional provision embraces both these classes of indebtedness is too plain for argument. The language of that provision could not be made plainer, and will not admit of any construction beyond its ordinary meaning. The prohibition is, that "no county, etc., shall be allowed to become indebted in any manner, or for any purpose, to any amount, including existing indebtedness, in the aggregate exceeding five per centum on the value of the taxable property therein, to be ascertained," etc. This is the first case in which this court has been called upon to consider and apply this constitutional provision, and at this time it is inconceivable how diverse opinions can be formed of its meaning; but the scrutiny, ingenuity and ability for critical analysis of the bar may hereafter discover some possible meaning beyond what now appears to be so clearly expressed. Arguments of convenience, of policy, or of present necessity, should not be allowed, by loose construction, to weaken the force or limit the extent of a constitutional prohibition so necessary and so beneficently intended. The same provision is in the constitution of the state of Iowa and that of the state of Illinois, and we fully concur in the decision of the supreme courts of those states as to the extent of the prohibition; but, in doing so, we neither concur in nor dissent from the decisions of those courts as to the power of a municipal corporation, notwithstanding the prohibition, to pledge or anticipate the revenue already provided for by the levy of taxes, as that question

is not before us.  *City of Springfield v. Edwards*, 84 Ill.,
626; *Fuller v. City of Chicago*, 89 Ill., 282; *Grant v. City of
Davenport*, 36 Iowa, 396.  See also *Koppikus v. State Capitol
Commissioners*, 16 Cal., 253; *State v. McCauley*, 15 Cal., 455;
*State v. Medbery*, 7 Ohio St., 522; *State v. Mayor*, 23 La. Ann.,
358.

It was further found by the circuit court, in effect, that a
part of the taxes of the year 1878 consisted of four mills on
each dollar of the valuation of the property of the town of
Ashland, in said county, for highways, amounting in all to
the sum of $2,488.65, and proportionably on the property of
the respondents in said town, and that said tax was com-
puted upon the basis of the valuation of the property of said
town for that year, and that for that reason the tax was void.
This ruling appears to be correct.  The statute evidently con-
templates that such tax should be computed upon the basis
of the valuation of the previous year.  This kind of tax is
required to be levied on or before the second Monday of May
in each year, and the tax roll of that year has not yet been
made, and the assessment has not yet been corrected and
perfected by the board of review, which sits on the last
Monday of June.  Sec. 26, p. 482; subd. 2, sec. 29, p. 483;
secs. 53, 54, pp. 406, 407, Tay. Stats.

It is further found that there was no proof of record, as
the statute requires, of the publication of the advertisement
of the tax sales for the taxes of 1878, at the time of the
commencement of this suit, and that, so far as the record
showed, the lands of the respondents were sold without
notice.  *Jarvis v. Silliman*, 21 Wis., 600; *Iverslie v. Spauld-
ing*, 32 Wis., 394; *Hilgers v. Quinney*, 51 Wis., 62.  The
court in equity, having obtained jurisdiction to set aside the
void taxes and cancel the certificates and enjoin the issuing
of tax deeds, may also take cognizance of this defect in the
proceedings, though otherwise there might be a remedy at
law for the same.  *Prescott v. Everts*, 4 Wis., 314; *Akerly v.*

*Vilas,* 15 Wis., 401; *Hamilton v. Fond du Lac,* 25 Wis., 490; *Peck v. School District,* 21 Wis., 516.

The above illegal and void taxes are mingled and confused with and inseparable from those which may be valid, and it does not appear in the record before us how they can be separated so as to require the payment or tender of the taxes which are valid as a condition of relief against those which are void. It certainly must appear in some way what amount the respondents are so required to pay, or the court cannot insert in the judgment such a condition of relief; and it does not so appear. It would seem to be the duty of the county, and the officers in possession of the records, to make this appear, where a portion of the taxes are so clearly void, and to exact the payment of the valid taxes as a condition of relief, or such condition will be held to have been waived.

*By the Court.*— The judgment of the circuit court is affirmed.