JOHN G. SIEGFRIED *et al.*

*v.*

SAMUEL B. RAYMOND, County Treasurer, *et al.*

*Opinion filed June 19, 1901.*

1. TAXES—*alleged exempt property must be shown to have been included in assessment.* To entitle a tax-payer to relief in equity upon the ground that property exempt from taxation had been assessed, it must be shown that the property so claimed to be exempt was included in the assessment.

2. SAME—*statute must be followed to entitle tax-payer to deduct indebtedness from credits.* Failure of a property owner to file a schedule of his property when required by the assessor, showing credits and indebtedness in the manner provided by sections 24 to 29 of the old Revenue law and section 19 of the Revenue act of 1898, (Laws of 1898, p. 43,) deprives him of the right to have such indebtedness deducted from his credits and subjects him to penalty provided.

3. SAME—*when equity will not enjoin collection of personal tax.* The collection of a personal tax upon imported tea in store in a government warehouse in original, unbroken packages will not be enjoined, although such imports are not subject to taxation, where it appears complainant has cash, office furniture and credits in excess of the amount of the assessment as revised by the board of review, and has lost his right to deduction for indebtedness by failure to comply with the statute.

APPEAL from the Superior Court of Cook county; the Hon. PHILIP STEIN, Judge, presiding.

This is an appeal from a decree of the superior court of Cook county dismissing the bill of complaint for want of equity, filed by appellants on January 18, 1901, praying for an injunction against appellees Fuller, as collector of the town of South Chicago, and Raymond, county treasurer of Cook county, restraining the collection of a tax levied upon personal property which is claimed to be exempt from taxation.

In May, 1900, appellants, who were engaged in importing and selling tea at wholesale at No. 5 Lake street, in the city of Chicago, were notified by the board of assessors of Cook county to make a sworn return of the personal property owned by them in Cook county on the first day of April, 1900, for the purposes of assessment, as required by law. Appellants failed and refused to file any schedule or statement of their property with the board, and failed to appear before the board or to furnish the board with any information with reference to their property. The board of assessors, upon such failure and refusal, found the full value of appellants' personal property in Cook county subject to assessment for said year to be the sum of $65,000 and the assessed value $13,000, and delivered the same so made by it to the board of review of said county. Appellants filed with the board of review their complaint in writing against the assessment as made by the board of assessors. Thereafter the appellants were notified that their objections

were set for hearing on the 23d day of August, 1900. On that day appellants appeared before the board of review by their counsel and were heard upon said objections, their contention being that the only personal property they had in Cook county on April 1, 1900, was $32,000 worth of tea and $500 worth of office furniture; that the tea had been imported from a foreign country, and was then in the original, unbroken packages, in the hands of the importer and in store in a government warehouse located in Chicago, and that the same was not subject to assessment. The board of review afterwards reduced the finding of full value, as made and returned by the board of assessors, from $65,000 to $20,000 and the assessed value from $13,000 to $4000, and returned the assessment so made to the county clerk of said county, who thereafter extended thereon taxes amounting to $368.16, to enjoin the collection of which the appellants filed their bill, alleging that the only personal property they had in Cook county on April 1, 1900, was $32,000 worth of tea not subject to assessment and $500 worth of office furniture, offering to pay the amount of the taxes levied upon said office furniture and praying that the collection of the balance of said taxes be enjoined. The allegations of the bill were denied, and on the trial of the cause, from the testimony introduced by the appellants, it appeared that on the first day of April, 1900, they had in a government warehouse in the city of Chicago $32,000 worth of tea, $1070 in cash on deposit in the First National Bank of Chicago subject to check, $27,000 in notes and accounts due them from their customers, and office fixtures and furniture of the value of $500, and that they were indebted to various banks in the city of Chicago in the sum of $76,000, evidenced by their promissory notes and secured by government warehouse receipts for tea then in bond in Chicago, Kansas City, St. Paul, Atlanta, Montreal, New York, Boston, and other American cities; that all of the tea owned by appellants had been im-

ported by them from foreign countries, and was then in the original, unbroken packages in government warehouses, with the exception of from fifty to one hundred chests then in a government warehouse in the city of Chicago, which chests were worth $12 each, which had been opened and about one pound of tea withdrawn from each of them to be used as samples, which samples had been withdrawn under a rule of the United States custom house allowing such withdrawal.

The appellees introduced no testimony, but the following stipulation was entered into between the parties: "It is stipulated and agreed by and between the parties hereto, that the board of assessors found the full value of the complainants' personal property in this city to be the sum of $65,000 and the assessed value $13,000; that the board of review, after the hearing before it upon complainants' complaint, reduced the full value as returned by the board of assessors to the sum of $20,000 and the assessed value to $4000, and returned its finding of the full value and the assessed value to the county clerk, who thereafter extended it on the books, together with the taxes thereon, amounting to the sum of $368.16, and placed a warrant for collection for that amount in the hands of the town collector in and for the town of South Chicago."

Moses, Rosenthal & Kennedy, for appellants.

Julius A. Johnson, County Attorney, and Frank L. Shepard, Assistant County Attorney, for appellees.

Mr. Justice Hand delivered the opinion of the court:

If it appeared from this record that the appellants had been assessed upon tea imported by them from foreign countries while the same was in store in a government warehouse in the original, unbroken packages, we would agree with the contention of appellants that the

court erred in dismissing their bill for want of equity, as the law is clear that such imports are exempt from taxation by the taxing bodies of the State; (*Low* v. *Austin*, 13 Wall. 29;) that a court of equity will grant relief, by way of injunction, against the imposition of a tax upon property exempt from taxation; (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co.* 76 Ill. 561; *Kochersperger* v. *Larned*, 172 id. 86; *Earl & Wilson* v. *Raymond*, 188 id. 15; *Coxe Bros. & Co.* v. *Salomon*, 188 id. 571;) and that in cases where a tax is assessed upon property some of which is exempt, equity will enjoin the collection of that part of the tax which is assessed upon the exempt property, if it is possible to ascertain what part of the tax assessed against the whole property is assessed upon the property which is exempt from taxation. (*Briscoe* v. *Allison*, 43 Ill. 290; *Cleghorn* v. *Postelwaite*, 43 id. 428; *Mix* v. *People*, 72 id. 241; *Chicago, Burlington and Quincy Railroad Co.* v. *Cole*, 75 id. 591; *Knopf* v. *First Nat. Bank of Chicago*, 173 id. 331.) In cases where the legal and illegal taxes are so blended that they cannot be distinguished, it has been held the collection of the entire tax will be restrained. *State* v. *Hodges*, 14 Rich. 256; *Hebard* v. *Ashland County*, 55 Wis. 145.

In the case at bar it does not appear that the board of review included in the revised assessment of appellants' property the $32,000 worth of tea situated in Chicago. The particular items of property, and the kind thereof and the value placed thereon, assessed to the appellants, are not shown. It does, however, appear from the showing made by appellants that they had personal property in Chicago on April 1, 1900, exclusive of said tea, to an amount far in excess of the sum of $20.000. The cash in bank, notes and accounts and office furniture alone aggregate the sum of $28,570. It is said that as against the notes and accounts the appellants had the right to deduct the amount of their indebtedness, which is shown by the proof, on April 1, 1900, to have exceeded the amount of their credits by a large sum. To have

entitled appellants to avail themselves of such deductions they should have filed with the board of assessors a schedule of their property, including credits and indebtedness, as provided by section 29 of the Revenue law (Hurd's Stat. 1899, p. 1398,) and section 19 of the act of 1898, (Hurd's Stat. 1899, p. 1449,) which they have failed to do. By such failure they not only subjected themselves to the penalty of having an amount equal to fifty per cent of the valuation of their property as fixed by the board of assessors added to their assessment, but deprived themselves of the right to deduct from their credits their indebtedness. In *Morris* v. *Jones*, 150 Ill. 542, Mr. Justice BAKER, speaking for the court, on page 545 says: "We are also of the opinion that if the item added to the schedule had been credits, instead of money, this bill would not lie, for, even if appellants had the right to deduct indebtedness, they must have done it in the manner provided by section 29, *supra.* If they were entitled to any such deductions it was the fault of their agent that they did not get the benefit of them. It was not for him to say the indebtedness equaled or exceeded the credits, and therefore refuse to list the credits."

A court of equity will not entertain a bill to enjoin the collection of a tax except when the tax is unauthorized by law, or when it is assessed upon property which is exempt from taxation, or when property has been fraudulently assessed at too high a rate. (*Porter* v. *Rockford, Rock Island and St. Louis Railroad Co. supra.*) To entitle appellants to relief in a court of equity they must have shown that property belonging to them exempt from taxation was included in their assessment. *Earl & Wilson* v. *Raymond, supra.*

We are of the opinion the superior court committed no error in dismissing said bill. The decree of said court will therefore be affirmed.                 *Decree affirmed.*