## *In re* APPEAL OF J. W. DOANE & CO.

*Opinion filed June 19, 1902.*

TAXES—*imported goods in original packages not subject to general tax.* Imported goods in the original, unbroken packages, and upon which the duties have been paid, are not subject to general taxes. (*In re Appeal of Pitkin & Brooks*, 193 Ill. 268, followed.)

APPEAL from decision of Board of Review of Cook county.

CHARLES H. HAMILL, for appellants.

H. J. HAMLIN, Attorney General, (E. S. SMITH, B. D. MONROE, and GEORGE B. GILLESPIE, of counsel,) for the Board of Review.

Mr. Justice Ricks delivered the opinion of the court:

This is an appeal from the board of review of Cook county to reverse its decision, holding that $50,000 worth of imported goods of the appellant company, held in original, unbroken packages, was subject to taxation for State purposes.

It appears from the record that appellants are importers of teas and coffees, and have houses in New York City, London, Rio Janeiro and Santos, Brazil, and Chicago, Illinois; that on April 1, 1901, said firm had goods in original, unbroken packages, of the value of $50,000, upon which the United States duties had been paid, in their house in the city of Chicago, and also had other personal property of the value of $25,000, which included moneys in bank, credits, fixtures, chattels and all other taxable personal property. The board of review held that the $50,000 of imported goods held in the original packages, and upon which the duties had been paid, were subject to general taxation, and accordingly fixed appellants' assessment at $75,000.

The only question presented for our consideration is as to the right of said appellants to hold the imported goods in the original and unbroken packages free from taxation. This question has been before this court in the companion case of *In re Appeal of Pitkin & Brooks,* 193 Ill. 268. That case holds such property exempt from taxation, and is decisive of the only question raised in this case. The assessment should have been for $25,000 only. To the extent of the $50,000 assessed upon the imported goods it will be set aside, and the county clerk and county treasurer of Cook county are directed to make that deduction from the assessment upon their books. The county treasurer should not enforce the collection of the taxes upon said amount, and if the same have already been collected they should be refunded to appellants.

*Reversed and remanded.*