## W. A. HAVEMEYER & CO.

*v.*

## THE BOARD OF REVIEW OF COOK COUNTY.

*Opinion filed April 24, 1903.*

1. TAXES—*restriction on right of appeal from decision of board of review.* The right of appeal from the decision of a board of review is restricted to cases in which it is claimed that property exempt from taxation has been assessed.

2. SAME—*party must show upon what property increased assessment was made.* One appealing from the decision of a board of review in increasing his assessment must show in the record upon what property such increased assessment was based, in order that it may be determined whether such property was exempt.

AUDITOR'S certificate for review of assessment.

This is an appeal by W. A. Havemeyer & Co. from a decision of the board of review of Cook county, upon the certificate of the Auditor of Public Accounts, under the provisions of section 35 of the Revenue act of 1898.

It appears from the certificate of the board of review transmitted to us by the Auditor, that W. A. Havemeyer & Co., of the city of Chicago, filed a schedule with the board of assessors of Cook county on the 18th day of April, 1902, in which they listed three safes at $100, office furniture at $150 and moneys in bank at $1112.60, making a total of $1362.60; also 768 cases of sugar, valued at $6220.60, which was stated to be the property of the American Sugar Refining Company, a New Jersey corporation, and which was held by said W. A. Havemeyer & Co. in the original packages in warehouse in Chicago as agent for said corporation, for sale in Illinois and other States, which it was claimed was exempt from taxation; that the board of assessors, not being satisfied with said schedule, raised the personal property assessment of W. A. Havemeyer & Co. to $55,000; that W. A. Havemeyer & Co. appeared before the board of review

and filed a protest against said increased assessment; that they were given a hearing before said board; that W. A. Havemeyer, one of the members of said firm, testified that his firm had no property in said county subject to taxation except that shown by the schedule filed by the firm with the board of assessors; that the board of review refused to change said increased assessment and confirmed the same.

·    FRANK F. REED, for appellants.

H. J. HAMLIN, Attorney General, and FRANK L. SHEPARD, for the Board of Review.

Mr. JUSTICE HAND delivered the opinion of the court:

From an examination of this record we are unable to determine upon what said increased assessment was based, the record being entirely barren of information upon that subject.

This court has repeatedly held that the right of appeal from the decision of a board of review is restricted to cases in which it is claimed the property assessed is exempt from taxation. (*Keokuk and Hamilton Bridge Co. v. People*, 185 Ill. 276; *Dutton* v. *Board of Review*, 188 id. 386.) If it be the claim of the appellants that the increased assessment was upon property exempt from taxation, they should have so framed the record as to make it appear upon what property said increased assessment was based, so that the court can determine whether or not said property was exempt from taxation. *Siegfried* v. *Raymond*, 190 Ill. 424.

There being no question in this record presented to us for decision other than the mere question of claimed over-valuation,—a question over which this court has no jurisdiction,—the appeal will be dismissed for want of jurisdiction.

*Appeal dismissed.*