RALPH E. PRATT

*v.*

SAMUEL B. RAYMOND, County Treasurer.

*Opinion filed December 20, 1900.*

TAXES—*what is not ground for enjoining the collection of a tax.* That
the board of review, in making an original assessment of personal
property, after notice to the owner, acted upon information ob-
tained from the owner's commercial rating and from men in the
same line of business who knew what his personal property was, is
not ground for enjoining the collection of the tax.

APPEAL from the Circuit Court of Cook county; the
Hon. E. F. DUNNE, Judge, presiding.

LLOYD G. KIRKLAND, (HUFF & COOK, and ROBERT S.
ILES, of counsel,) for appellant.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

In the year 1899 appellant lived in the town of Hyde Park, in Cook county, and he listed for taxation in that town his household property and certain other specific articles of personal property, not including any money or credit. The full value of the property so listed was fixed at $1480, and one-fifth of that amount was the assessed value returned by the board of assessors. On this assessment taxes were levied against him, amounting to $19.08, which he paid. He was in business as a member of the firm of R. E. Pratt & Co., consisting of himself and his brother, who lived at Decatur, Illinois. That firm had an office in the Board of Trade Building in the town of South Chicago and engaged in business on the board of trade. About September 7, 1899, a notice was sent to appellant to appear before the board of review of Cook county and show cause why his assessment should not be raised. His attorney, Lloyd G. Kirkland, appeared in response to such notice and had a conversation relating to the property of the firm with some member of the board or a clerk. The board of review entered appellant's name in the assessor's book of the town of South Chicago, and entered $5000 as the total assessed value of his personal property, but did not enter on that book the full value or specify any items of property or values of particular kinds of property. The board made an entry in another book kept by the board, of $25,000 as the full value. A tax was levied on the assessed value of $5000 so entered by the board of review, and appellant filed his bill in this case to enjoin the collection of the tax.

It appeared at the hearing that the firm of R. E. Pratt & Co. was not assessed or taxed for the year 1899. Com-

plainant testified that he sent to the board of assessors a schedule of the firm property, consisting only of office furniture, amounting to less than $500. If the schedule was received, it was ignored and the property not assessed. The action of the board of review did not consist in raising an assessment against complainant which had been made by the board of assessors in the town of South Chicago, but was an original assessment, which the board of review was authorized by the statute to make if the board proceeded according to law in making it. The evidence was that the board acted upon information obtained by its members regarding the property of complainant subject to assessment, from his commercial rating and men in the same line of business, and persons who had means of knowing what his personal property was.

The principal objections urged against the tax are, that the proceedings of the board of review were irregular in not taking sworn testimony and in assessing complainant on evidence obtained in secrecy from rivals in business; that the board did not enter on the assessor's books specific items of personal property which were assessed and the value of the same, and did not enter the full value but only the assessed value; and that the record is not sufficient to sustain the tax because it does not show the particular items of property and the kind thereof assessed, or the values thereof. While the record should show the kinds of property assessed and the value thereof, and the total value, the facts alleged and the objections so urged afford no ground whatever for the exercise of the limited jurisdiction of a court of equity.

The circuit court was right in dismissing the bill, and the decree is affirmed.                    *Decree affirmed.*