## COXE BROS. & CO.

*v.*

### JULIUS SALOMON, Collector, *et al.*

*Opinion filed December 20, 1900—Rehearing denied February 8, 1901.*

1. TAXES—*grounds of equitable jurisdiction to enjoin collection of tax.* Equity will not entertain a bill to enjoin the collection of a tax unless the tax itself is unauthorized, or is levied upon property exempt from taxation, or the property has been fraudulently valued at too high a rate.

2. SAME—*failure or refusal of board to consider objections, not ground for injunction.* The failure or refusal of the board of assessors or board of review to consider a tax-payer's complaint of over-valuation is not, of itself, sufficient to give a court of equity jurisdiction to enjoin the collection of the tax, since the remedy is by *mandamus* to compel the board to act.

3. SAME—*tax-payer must insist upon a hearing in time to protect his interests.* A tax-payer must insist upon a hearing of his complaint of over-valuation in time to protect his interests, since it is not ground for enjoining the tax because the board of review continued the hearing from time to time, until it was too late to apply for a writ of *mandamus*.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

CLARENCE A. BURLEY, and WILLIAM H. McSURELY, for appellant.

JULIUS A. JOHNSON, County Attorney, and FRANK L. SHEPARD, Assistant County Attorney, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

The appellant filed its bill in chancery in the circuit court of Cook county, against Julius Salomon, collector of the town of North Chicago, and Samuel B. Raymond, treasurer and *ex officio* collector of Cook county, to enjoin the collection of a tax upon its personal property.

The bill avers, in substance, that in May, 1899, the appellant had personal property at No. 8 East Waban-

sia avenue, town of North Chicago, Cook county; that on the 25th day of May, 1899, it made and filed with the board of assessors of the said county a true and correct schedule of all its taxable personal property in the said county, in which schedule the value thereof aggregated $37,516; that thereafter the assessors, disregarding the said schedule, arbitrarily and without evidence or information fixed the assessed value of the said personal property at $12,000 and the full cash value thereof at $60,000; that on the 30th day of July, 1899, appellant received from the board of assessors a notice, as follows:

*"Coxe Bros. & Co.:*          *"CHICAGO, July 29, 1899.*

"DEAR SIR—Owing to the inability of the board of assessors to publish the assessment list prior to the delivery of the same to the board of review, we deem it our duty to inform you that your assessment on personal property at 8 E. Wabansia av. has been fixed at $60,000, full fair cash value. If you have any complaint to make, file the same with the board of review, who are now reviewing the assessment roll of the north town.

"Respectfully,          BOARD OF ASSESSORS."

—that thereafter, on the 2d day of August, 1899, it filed its complaint and objections in writing to the increase of said assessment with the board of review, and on the 8th day of August, 1899, received notice from the board of review that on the 10th day of August, 1899, they would revise the assessment levied on its personal property; that the appellant appeared at that time before said board of review by its agent and attorneys and protested against the assessment returned by the board of assessors; that the matter of the assessment was continued from time to time, appellant appearing before the board of review by its agent and attorneys, offering to justify its schedule and produce evidence in support thereof; that the board of review would not consider its complaints and objections and would not review the assessment and correct the same, but, without a trial or hearing, arbitrarily, and without evidence or information

before it other than the sworn schedule of complainant, confirmed the assessment made by the board of assessors; that thereafter, on the 7th day of September, 1899, it filed a further complaint in writing with the board of review, in part as follows: "That this corporation has not been given a hearing before the board of review, as provided by law; that the agents of this corporation were promised and advised that it should have a hearing before the board of review and should have notice when to appear for such hearing, but that the board of review acted without giving a notice in writing in accordance with law, or giving any notice whatever, and without giving a hearing, and in secret increased the assessments over the amount returned in said schedules;" that the board of review failed and refused to take any notice of its complaints and protests, and returned the assessed value of its personal property at the value of $12,000, as fixed by the assessors; that the assessed value of its property should be $7503.20; that the extreme limit of the tax on the assessed valuation of the said personal property is the sum of $497.84, which amount it is ready and willing and has offered to pay to the collector of the town of North Chicago, but that said collector demands that it pay the sum of $796.20; that it was advised that the board of review would not alter or change the said assessment, and that on the 23d day of September, 1899, it again protested against the action of the said board of review, but without avail.

The court sustained a general demurrer to said bill, and the appellant having elected to abide by its bill, the same was dismissed for want of equity, to reverse which it appealed. The question to be decided here, therefore, is, do the facts above stated show that the appellant is entitled to the relief prayed for? If not, the demurrer was properly sustained.

This court has repeatedly held that a court of equity will not entertain a bill to enjoin the collection of a tax

"unless the tax itself is unauthorized by law, or is levied upon property not subject to taxation, or the property upon which it is assessed is fraudulently valued at too high a rate." (*Illinois Central Railroad Co.* v. *Hodges,* 113 Ill. 323; *Kinley Manf. Co.* v. *Kochersperger,* 174 id. 379.) In *New Haven Clock Co.* v. *Kochersperger,* 175 Ill. 383, on page 390 the court say: "The assessor and boards for review are invested with the only power to fix valuations, and their decisions can only be questioned for fraud or want of jurisdiction." There is no claim in this case that the property is not subject to taxation or that the tax is illegal, and the fact that the board of assessors and board of review failed or refused to consider the objections of appellant is not sufficient to give a court of equity jurisdiction, as the remedy by *mandamus* to require such boards to act after demand is complete. In the case of *White* v. *Raymond,* (*ante,* p. 298,) it is said: "Where a party is given by law a right to urge objections to assessments against his property before a board of review, it will not be sufficient to justify a resort to a court of equity for relief to allege merely that such board refused, failed or neglected to afford him an opportunity to make and urge his objection, but that in such case his remedy is by proper demand and proceeding by *mandamus.*"

The appellant contends that its objections were continued from time to time by the board of review, and when finally disposed of it was too late for it to avail itself of its remedy at law by *mandamus.* We do not think this contention is sustained by the record, as it appears from the averments of the bill that prior to the time appellant filed its second objections the board of review had confirmed the assessment made by the board of assessors, which fact was known to the appellant. In any event, appellant should have insisted upon a hearing in time to protect its interests, or have proceeded against the board of review by *mandamus* to compel them to do their duty by granting it a hearing.

It clearly appears that this case does not fall within either of the well recognized and established heads of equity jurisdiction to grant injunctions in tax cases, above announced. In the case of *Kinley Manf. Co.* v. *Kochersperger, supra*, which was a bill filed to enjoin the collection of a tax, it is said, on page 382: "It is, however, said that the complainants did apply to the town board for relief, and that the town board, after adjourning from time to time, dismissed the application without any consideration; that the application for relief was taken to the county board and that tribunal refused to consider the application. In *Beidler* v. *Kochersperger*, 171 Ill. 563, and *Kochersperger* v. *Larned*, 172 id. 86, it was held that *mandamus* would lie to compel a county board to perform the duty imposed upon it by statute to hear and determine complaints of alleged over-valuation of property by the assessor, and one who fails to apply for *mandamus* cannot enjoin the collection of a tax on the ground of such refusal, where it is not claimed that the over-valuation is fraudulent. The ruling in these cases must control here. If the town or county board refused to consider the application, complainants should have compelled it to do so by *mandamus*." And in *New Haven Clock Co.* v. *Kochersperger, supra*, it is said (p. 394): "The board merely refused to do its duty and decide the cases. Although complainant was denied a hearing before the county board it had an adequate remedy to compel its performance. It is said that this remedy was insufficient, because it would not stay a collection of the tax while the proceeding was pending. If complainant was pursuing its legal remedy and had not obtained it when a collection of the tax was attempted an entirely different question would be presented. The mere fact that it might not get a hearing before an attempted collection of the tax would not justify an abandonment of its legal remedy and the resort to a court of equity."

We are of the opinion that appellant's remedy at law was adequate and that the circuit court properly sustained the demurrer to said bill. The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*