O. O. Cummins, County Collector,

*v.*

A. J. Webber.

*Opinion filed December 20, 1905.*

1. Taxes—*when equity will not grant relief against double taxation.*  If a tax-payer, after notice to appear before the board of review and show cause why his assessment should not be increased, fails to improve the opportunity so offered, a court of equity will not grant relief against an increased assessment upon the ground, alone, that such increased assessment is excessive in amount or results in double taxation.

2. Same—*duty of board of review where tax-payer refuses to swear to schedule.*  If a tax-payer refuses to swear to his assessment schedule it is the duty of the board of review, under the statute, to list the property according to its best knowledge, information and judgment, add thereto an amount equal to fifty per cent of that valuation and fix the assessment accordingly.

Appeal from the Circuit Court of Saline county; the Hon. A. K. Vickers, Judge, presiding.

The appellee, A. J. Webber, filed a bill for an injunction in the circuit court of Saline county, to the April term, 1904, to restrain the county collector of Saline county from

collecting certain personal taxes assessed against appellee for the year 1903. The bill alleged that the complainant was on April 1, 1903, a resident of the town of Galatia, in said county, and engaged in a private banking business in said town; that on May 27, 1903, he made and delivered to the assessor for the town of Galatia a schedule showing the condition of his bank on April 1 of that year, in which appeared an item of $143,217.90 as bills receivable, etc., and also the amount of all deposits made with him by other parties, and the amount of all accounts payable other than current deposit accounts, together with the other items required by law to be given in such schedule, from which schedule the assessor deduced the items to be listed for taxation and placed them on complainant's general schedule, showing the total taxable property of complainant as banker to be of the value of $70,930; that he also made and delivered to the assessor a schedule of his other personal property, amounting to $14,070, making the total fair cash value of all of complainant's personal property, as listed for taxation, $85,000; that the assessor accepted the schedules as correct and fixed the full fair cash value of complainant's personal property at $85,000 and the assessed value at $17,000, and so returned it to the supervisor of assessments of Saline county, who placed it upon the assessor's book for the year 1903 without making any change therein; that the board of review of said county, on August 29, 1903, fraudulently, arbitrarily and without authority of law added to said assessment the additional sum of $93,980, and so placed it on the assessor's book for that year, as credits other than of bank, banker, etc., and fixed the assessed value of the additional sum at $18,796 and added the latter amount to the said $17,000, making a total of $35,796 as the final assessed valuation of complainant's personal property for the year 1903 as fixed by the board of review, upon which sum the county clerk has extended complainant's personal taxes at $2547.26; that no notice of the acts of the board of review was given

him, and that he did not know that the sum of $93,980 had been added to his schedule until a tax warrant was issued by the county clerk and placed in the collector's hands for collection. The bill further avers that on April 1, 1903, there was a large number of mortgages of record in complainant's name, and that he is informed and believes that the board of review had a list of them made and found them to amount to $93,980, and assessed them to him as above stated; that all such mortgages were held as banker and were included in his assessment as such under the item of bills receivable, and that if he is compelled to pay the tax thereon it will be double taxation and unjust and inequitable; that he has paid the taxes extended against the said sum of $85,000, full value, amounting to $1212.40, and that there still remains on the collector's books charged against him the further sum of $1334.86, being the taxes upon the said sum of $93,980, and that a tax warrant for the collection thereof is now in the hands of the county collector, who is threatening to levy upon and sell the property of complainant to pay said taxes.

The answer of the defendant admits that the complainant made and delivered to the assessor a schedule purporting to show the condition of his bank, as set forth in the bill, but denies that the schedule was true and correct or legal, for the reason that it has never been signed or sworn to by the complainant, or anyone for him, and was not a full and complete schedule of all of his property, and denies that $85,000 was a full fair cash value of the personal property of the complainant on April 1, 1903. The answer denies that the board of review fraudulently, arbitrarily or without authority of law added to the assessment the additional sum of $93,980, and avers that such board found real estate mortgages in complainant's name to the amount of $93,980, unsatisfied of record, in addition to the property already assessed to the complainant; that complainant was notified of this fact, and was given a list of such mortgages to revise and strike out all that had been paid, transferred or that

were included in his list as a banker; that the complainant took said list with him and afterwards returned it to the board without denying that such mortgages were his individual property. The answer also denies that complainant had no notice of the acts of said board, and denies that the sum of $93,980, which was added to the complainant's assessment, had theretofore been listed by him as a banker, and avers that such sum was additional property which was not listed by complainant for taxation for the year 1903.

A general replication was filed to the answer. A decree was rendered by the court below, finding generally that the averments of the bill were true and those of the answer not true, and making the temporary injunction, theretofore granted, perpetual. The county collector of Saline county brings the cause to this court by appeal.

The evidence shows that the cashier of appellee's bank, in the presence of appellee and the assessor, made out the schedule showing the condition of the bank and also the schedule of appellee's other personal property; that he placed in the bank schedule, under the item of bills receivable, etc., the sum of $143,217.90; that the general schedule made by appellee showed personal property owned by him other than as banker of the value of $14,070; that neither schedule was sworn to by anyone and both were received by the assessor in that form, and that he returned them to the supervisor of assessments, who placed them upon the assessment book; that when the assessment book and schedules were turned over to the board of review that board gave appellee notice to appear before it and show cause why his assessment should not be increased; that the board had obtained a list of mortgages, amounting to $128,380, standing unsatisfied of record in four different counties, in appellee's name and gave appellee this list; that he took the list and checked off all but $93,980 thereof and returned it to the board of review; that he was requested and directed to make out sworn schedules of his property and deductions

claimed by him, as required by law, but refused to do so, and that he at all times refused to take the oath required by law. The evidence does not show that the appellee claimed before the board of review that the $93,980 was included in the $143,217.90 listed in his schedule as banker under the item bills receivable, etc., but the evidence produced in the circuit court does show that the first mentioned sum was included in the latter, and that the mortgages found by the board of review were contained in the item of bills receivable, etc. The board of review thereupon added to appellee's assessment the said sum of $93,980, full value, and taxes were extended upon the one-fifth value thereof, the collection of which was enjoined by the decree of the court below.

It is contended by appellant that the appellee, by his refusal to swear to his schedule, is in fault and cannot obtain relief in a court of equity; that appellee had a legal remedy before the board of review, and having failed and refused to pursue that remedy is not entitled to equitable relief; and that appellee, having refused to offer any testimony in his behalf before the board of review, and that board having acted in good faith upon the best information that it could obtain as to the extent of appellee's property, its action in adding the value of the mortgages to appellee's assessment cannot be reviewed in this proceeding.

Appellee insists that the issue made by the pleadings was whether or not the sum of $93,980 was included in the $143,-217.90 which had been listed by him in his bank statement, and that issue being established by the evidence and the decree of the court in his favor, to permit the collection of.the taxes extended on the sum added by the board of review would be double taxation, and that a court of equity has jurisdiction, in such cases, to enjoin the collection of such tax, and should exercise that jurisdiction where it appears, as in this case, that a person has been assessed twice on the same property.

W. H. STEAD, Attorney General, A. W. LEWIS, State's Attorney, and CHOISSER, CHOISSER & KANE, for appellant.

W. F. SCOTT, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

Webber's schedules returned by the local assessor were not sworn to. Webber was given notice to appear before the board of review and show cause why his assessment should not be increased. Pursuant to that notice he came before the board but made no showing whatever. He was furnished by the board with the necessary blanks and requested to list his personal property and swear to the lists, as required by statute. This he refused to do, saying, in substance, that he never had made, and never would make, the statutory affidavits. Thereupon the board of review increased his assessment by adding to the schedule an assessment of $93,980 upon credits, and appellee contends that the result is a double assessment against him to the amount so added to his assessment.

Where a tax-payer is notified to appear before the board of review and show cause why his assessment should not be increased, and he fails to improve the opportunity so afforded him to avail of his remedy at law by showing cause against an increase, equity will not interfere to relieve him from an increased assessment on the ground, alone, that such increased assessment is excessive in amount or results in double taxation. *Coxe Bros. & Co.* v. *Salomon,* 188 Ill. 571; *Standard Oil Co.* v. *Magee,* 191 id. 84.

Appellee relies in this regard principally upon the cases of *Condit* v. *Widmayer,* 196 Ill. 623, *Weber* v. *Baird,* 208 id. 209, and *Carney* v. *People,* 210 id. 434. Each of these cases is plainly distinguishable from the one at bar. In the first of these cases the tax-payer had exhausted his remedy, so far as the board of review was concerned, by appearing before that board and being fully heard; in the second of

these cases the tax-payer appeared before the board of review and endeavored to obtain a hearing, and his statement was taken by one member of the board; while in the third of these cases the tax-payer never had an opportunity of appearing before the reviewing officers, as no notice was given him of a proposed review or increase of his assessment. In the case before us the tax-payer, though notice was given him, entirely failed to avail himself of his remedy at law by showing cause before the board of review.

It is contended, however, that the issue made by the pleadings is whether or not the assessment was, in fact, excessive; that no other question arises upon the pleadings, and that as the evidence establishes the fact that the assessment was excessive the decree should be affirmed. This contention is without merit, as an examination of the answer discloses that appellant thereby averred, in substance, that Webber did not make any showing against the increase in his assessment.

The law required appellee to sign and make oath to his assessment schedule. (Hurd's Stat. 1903, chap. 120, sec. 311.) Upon his failure to do so it became the duty of the board of review in this case to list the property, according to its best knowledge, information and judgment, at its fair cash value, and add to the valuation of such list an amount equal to fifty per cent of that valuation, (sec. 313 of chap. 120, *supra,*) and fix the amount of his assessment accordingly.

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to enter a decree dissolving the temporary injunction and dismissing the bill for want of equity.

*Reversed and remanded, with directions.*