(No. 20386.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* THE FRANKLIN NATIONAL INSURANCE COMPANY OF NEW YORK, Appellant.

*Opinion filed February 18, 1931—Rehearing denied April 10, 1931.*

Silber, Isaacs, Silber & Woley, (Frederick D. Silber, of counsel,) for appellant.

John A. Swanson, State's Attorney, Leon Hornstein, Louis H. Geiman, Harris F. Williams, and Hiram T. Gilbert, for appellee.

Mr. Justice Orr delivered the opinion of the court:

This appeal presents for review a judgment in an action of debt for $2244.84 and $180.52 interest against the Franklin National Insurance Company of New York, a corporation, (herein called the defendant,) for omitted taxes on net receipts of its business in Cook county for the years 1926 and 1927.

The defendant first claims error because the trial court overruled its demurrer to the amended declaration. The defendant elected to abide by its demurrer, moved to vacate the order overruling the demurrer and made an offer of proof, which offer the court rejected. Such offer included proof that during the tax years 1926 and 1927 numerous unincorporated foreign associations of insurers, and numerous domestic associations, Lloyds, associations of individuals and also individuals, were transacting fire insurance business upon the same risks in Illinois as the defendant and were licensed to write such risks within the State and were in direct and open competition in this State with the defendant, and that such other classes so in direct competition with the defendant were not taxed on their net receipts under section 30 whereas the defendant was so taxed. The offer was made for the purpose of providing facts leading to the conclusion that section 30 of the act of 1869 (Cahill's Stat. 1929, chap. 73, sec. 159,) was unconstitutional and void within the purview of the constitutions of the State of Illinois and of the United States. Upon the rejection of this offer of proof the plaintiff proceeded to introduce evidence on an assessment of damages. Such evidence consisted of books produced by the office of the county collector of Cook county and containing records of omitted net receipts of foreign fire, marine and inland navigation insurance companies in Cook county for the years 1926 and 1927. From these books plaintiff's counsel read into the record the entries of omitted taxable net receipts of the defendant, showing such omitted taxes computed and extended at $412.97 for the year 1926 and $1831.87 for the year 1927, followed by the distribution of these amounts among the various taxing bodies of Cook county. Plaintiff also introduced the collector's sworn returns, which certified that no judgments had been entered against the defendant by reason of any taxes charged against assessments of personal property contained in the collector's books, and also

introduced warrants from the county clerk to the collector authorizing the latter to collect the taxes shown by the collector's books. The witness who produced the books testified that he was the auditor in charge of collections in the county collector's office, that the books which he produced were a part of the records of that office, and that they were the only books containing separately the omitted net receipts taxes, so-called, of foreign stock insurance companies, there being one such book for each of the tax years 1923 to 1927, inclusive. He was unable to say whether such assessments were made upon returns filed by the defendant. Objections and exceptions were taken by the defendant to the offer in evidence of each of the items, and at the close of the evidence a motion to exclude all of the evidence was made and overruled.

The pleadings were sufficient to sustain a recovery in this case. An allegation that taxes are unpaid and delinquent is proper without alleging particulars to show why they were unpaid and delinquent. It was proper to allege that the net receipts of the defendant were assessed by the proper assessing tribunals in the manner and form required by law. The law designates the assessing tribunals as being the board of assessors and the board of review and prescribes the manner in which property shall be assessed. Section 230 of the Revenue act provides that "the return of the county collector that such taxes are delinquent, shall be *prima facie* evidence that such taxes are due and unpaid." It cannot well be held that a declaration need allege more than it is necessary to prove. The defendant could not fail to understand fully the case it was called upon to meet. That is all that the rules of pleading require. It was not necessary to allege in the declaration that the institution of the suit had been authorized by the county board of Cook county. This point was expressly decided by this court in *People* v. *Kimmel,* 323 Ill. 261. Nor can it be said that the allegation that the taxes became, and are, un-

paid and delinquent is not a statement of fact but a conclusion, for a statement of non-payment is clearly a statement of fact.

It is further urged that the declaration did not state sufficient facts to create a liability because (1) net receipts taxes can be assessed only upon the return of an agent and the fact of such return must be alleged; (2) net receipts taxes arise and are assessed only under section 30 of the act of 1869, and remedies applicable under the Revenue act are not applicable to their enforcement and collection; (3) net receipts taxes under section 30 do not become delinquent like other personal property taxes; (4) the provisions of section 230 of the Revenue act relating to the bringing and prosecution of actions of debt for the recovery of personal property taxes do not apply to net receipts taxes; and (5) assessing tribunals in Illinois have no power to make lump sum assessments. The foregoing reasons amount to a claim that none of the provisions of the Revenue act apply to the assessment of net receipts, the extension of taxes thereon and the collection of such taxes, and that is the only question it will be necessary to here consider.

The provision for the taxation of net receipts of foreign insurance companies was first made in section 22 of the Revenue act of 1853. That provision was substantially the same as section 30 of the act of 1869, except that the tax was required to be extended upon gross receipts instead of upon net receipts. That remained the law until 1869, when the provision was taken out of the Revenue act and inserted, as section 30, in the act of 1869 regarding fire, marine and inland navigation insurance companies and the tax made one upon net receipts instead of upon gross receipts. From then continuously until 1921 this net receipts tax was construed as a personal property tax and assessments of net receipts were made with the same debasement and equalization as were applied in the assessments of other personal property. But in *People* v. *Kent*, 300 Ill. 324,

*People* v. *Barrett,* 309 id. 53, and *Hanover Fire Ins. Co.* v. *Carr,* 317 id. 366, this court held that the tax was not a tax on personal property but was a privilege tax and that the provisions of the Revenue act for the debasement of the value of property were not applicable. This construction of section 30 was held unconstitutional by the United States Supreme Court in *Hanover Fire Ins. Co.* v. *Harding,* 272 U. S. 494, with the result that in *Hanover Fire Ins. Co.* v. *Harding,* 327 Ill. 590, this court expressly overruled the *Kent, Carr* and *Barrett* decisions and held the tax to be a personal property tax, saying (p. 601): "Section 30 and the law of 1898 should be construed together, and when the net receipts are placed upon the tax list they are to be treated as personal property valuation and are to be scaled, debased and treated the same as other personal property by the taxing officials." Further in the same opinion this court quoted from *People* v. *Cosmopolitan Ins. Co.* 246 Ill. 442, where it was said: "Net receipts are personal property and are to be listed by the board of assessors and board of review and taxed the same as other property.—*National Fire Ins. Co.* v. *Hanberg,* 215 Ill. 378." These authorities, we believe, clearly show that the provisions of the Revenue act are applicable to the assessment of net receipts, the extension of taxes thereon and their collection.

It is further claimed by the defendant that the assessments in question are lump sum assessments and therefore void. This contention is without merit, as this court has expressly held that where the net receipts of the business could not be properly set down in the columns provided for the valuation of livestock, watches, household goods and the like and were not included in any of the specific kinds of property enumerated in the other columns, it was proper to assess them as other property not enumerated. (*People* v. *Cosmopolitan Ins. Co. supra.*) Even if slightly irregular, this omission was one which did not go to the justice of the tax itself and therefore did not affect its validity.

It is further urged that the tax is not one against the insurance company but is one against the agent and that no assessment can be made except upon a return made by the agent, and the proper procedure for the taxing bodies is to apply for *mandamus* to compel the agent to make a return. These contentions are also without merit. The provision in section 30 of the act of 1869 for a return must be construed with the provisions of the Revenue act for the making of a schedule by the owner of personal property. The Revenue act (section 24) provides that when the owner refuses to make a schedule the assessor may make an assessment according to "his best judgment and information." This provision is clearly applicable to an assessment of net receipts. The tax is not against property owned by an agent but is against the net receipts of the company.

The defendant's chief contention, however, is that section 30 of the act of 1869 is in violation of the fourteenth amendment to the Federal constitution, in that it was a denial of the equal protection of the laws by taxing the net receipts of foreign insurance corporations but not taxing the net receipts from the same kind of business in the hands of unincorporated foreign insurers who are their competitors in Illinois. In other words, this argument is tantamount to saying that where a general law is passed imposing taxation upon the net receipts of foreign insurance corporations doing business in this State, which law has been acquiesced in for many years and held constitutional, then, if competition afterwards develops in the same line of business from unincorporated companies or individuals, the old law, by reason of such competition, becomes at once unconstitutional. This argument resolves itself not so much against the law imposing the tax as it does against the failure of the legislature to take cognizance of competitive conditions which have grown up subsequent to the original enactment. This position is untenable. Perfect equality and perfect uni-

formity of taxation as regards individuals or corporations or different classes of property subject to taxation are a dream unrealized. (*State Railroad Tax cases,* 92 U. S. 575.) Absolute equality is impracticable in taxation and is not required by the equal protection clause. Inequalities that result not from hostile discrimination but occasionally and incidentally in the application of a system that is not arbitrary in its classification are not sufficient to defeat the tax. (*Maxwell* v. *Bugbee,* 250 U. S. 525.) In *Clement Nat. Bank* v. *Vermont,* 231 U. S. 120, it was held that depositors in National banks were entitled to equality of treatment with depositors in State banks, but such equality did not require that the methods of taxation upon time deposits should be the same so long as the classification was not purely arbitrary. And likewise it has been established that a distinction in legislation is not arbitrary if any state of facts can be conceived that would sustain it. *Lindsley* v. *Natural Carbonic Gas Co.* 220 U. S. 61 ; *Rast* v. *VanDeman & Lewis Co.* 240 id. 342.

The defendant takes no issue with the correctness of the holding of this court in *Hanover Fire Ins. Co.* v. *Harding, supra.* This court there held section 30 did not discriminate against foreign fire insurance companies and was not a denial of the equal protection clause of the Federal constitution. The defendant's attack on the constitutionality of section 30 in the present case may be said to be chiefly directed against the failure of section 30 to impose taxes upon unincorporated foreign companies and individuals competing with the defendant, which it is claimed results in unjust discrimination. In support of its position the defendant relies largely upon a decision of the United States Supreme Court in *Quaker City Cab Co.* v. *Pennsylvania,* 277 U. S. 389, where a statute taxing the receipts of the taxicab business when transacted by a foreign corporation .was held unconstitutional because it failed to tax the same character of receipts in the hands of individuals

or foreign unincorporated associations. But there are essential differences between that case and the case at bar. The question in the case cited was not one of alleged discrimination between a foreign corporation and a domestic corporation or between one foreign corporation and another foreign corporation, but was one of alleged discrimination between both foreign and domestic corporations on the one side and individuals on the other side. The court did not hold the law invalid as to the foreign taxicab company, only, but held it invalid as to the domestic as well as to the foreign company. The laws of Pennsylvania taxed individuals only on their taxicabs and their other property in Pennsylvania. It did not impose upon them any equivalent for the tax imposed upon the gross receipts of the domestic and foreign taxicab companies. There was therefore manifest inequality between the corporations, both domestic and foreign, on the one side and individuals on the other side.

More nearly in point is the case of *Florida C. & P. R. R. Co.* v. *Reynolds,* 183 U. S. 471, where the court held that railroad companies were not denied the equal protection of the laws by a Florida statute requiring the comptroller to assess taxes for 1879, 1880 and 1881 upon such railroad property as had escaped taxation for such years without providing for the assessment of taxes for those years on other property not previously assessed therefor, general legislation having provided that railroad property should be assessed by the comptroller and real estate by the county treasurer. The court there held: "The decision of the Supreme Court of the State establishes that these proceedings are not in conflict with the constitution of Florida. The single question, therefore, to consider is whether there is anything in the Federal constitution which forbids a State to reach backward and collect taxes from certain kinds of property which were not at the time collected through lack of statutory provisions therefor or in conse-

quence of a misunderstanding as to the law or from neglect of administrative officials, without also making provision for collecting the taxes for the same years on other property. It will be perceived that there was no new levy of taxes. No act of the legislature was passed imposing an additional burden upon the property of the State in general or upon any particular property, but the case is one in which general levies having been made for the years named, certain property which ought to have paid taxes under them—and thus contributed its share of the expenses of the State—failed to do so, and the effort is to compel that property to discharge its obligation. The objection is not that the property ought not during those years to have paid its proportion of the taxes, but that it ought not now to be compelled to pay such proportion because certain other property was similarly situated and no effort is made to compel payment from it." The court concludes by holding the act constitutional; that the fault, if fault there be, was one of omission by the legislature rather than commission, and that the legislature may pass an act directing one officer to discharge his duty without coupling therewith a direction to other officers charged with a kindred duty to perform theirs. On this same point the court cited many cases of similar import, including *King* v. *Mullins,* 171 U. S. 404, *Pacific Express Co.* v. *Seibert,* 142 id. 339, *Thomas* v. *Gay,* 169 id. 264, and *Winona and St. Paul Land Co.* v. *Minnesota,* 159 id. 526. Since it was thus held not to be unjust discrimination to compel a railroad company to pay taxes for past years on property which has escaped taxation when the legislature failed to impose like requirements upon other tax-payers similarly situated, it was not unjust discrimination in the present case to compel a foreign insurance company to pay some omitted net receipts taxes for previous years, and the failure of the General Assembly to enact new legislation imposing taxation upon the unincorporated competitors of the defendant does not

have the effect of making section 30 of the act of 1869 unconstitutional, where that law imposes no arbitrary classifications, is uniform as to the class upon which it operates, has been acquiesced in for sixty years and has been held constitutional. *Hanover Fire Ins. Co.* v. *Harding, supra.*

It is further claimed that there was no legal evidence before the court on the assessment of damages which justified a finding for the plaintiff. But the demurrer admitted all the facts alleged in the declaration excepting the amount of damages. This was an action of debt brought for a sum certain and the precise amount of the omitted taxes was alleged in the declaration. Hence, when the defendant demurred to the declaration it admitted the amount of the debt alleged as well as the other facts showing the taxes were legally extended, due and unpaid.

The defendant finally insists that the court erred in adding interest of $180.52 to the amount of the judgment, and its position in this regard is well taken. Interest is a creature of the statute and no provision is made for its allowance upon net receipts taxes either in the Insurance act or in the Revenue act. *Totten* v. *Totten,* 294 Ill. 70; *Fowler* v. *Harts,* 149 id. 592; *Fidelity and Casualty Co.* v. *Board of Review,* 264 id. 11; *People* v. *Kent, supra; People* v. *Barrett, supra.*

The judgment of the circuit court of Cook county is sustained in every particular except as to the item of $180.52 allowed as interest, and as to the latter item it is reversed and the cause is remanded to that court, with instructions to confirm the judgment of $2244.84 and to disallow the amount of interest computed on the debt.

*Reversed in part and remanded, with directions.*